(No. 74849.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MAURICE STATEN, Appellee.

*Opinion filed July 28, 1994.*

420

HARRISON, J., took no part.

Roland W. Burris, Attorney General, of Springfield, and Darrell Williamson, State's Attorney, of Chester (Norbert J. Goetten, Stephen E. Norris and Diane L. Campbell, of the Office of the State's Attorneys Appellate Prosecutor, of Mt. Vernon, of counsel), for the People.

Daniel M. Kirwan, Deputy Defender, and Michelle A. Zalisko, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellee.

JUSTICE McMORROW delivered the opinion of the court:

While serving a 20-year prison term for home

invasion and armed robbery, Maurice Staten was convicted of unlawful possession of a weapon by a person committed to a facility of the Illinois Department of Corrections (Department) and was sentenced to 10 years' imprisonment on that charge. The appellate court reversed defendant's conviction, holding that because the State failed to try him within 160 days of his written demand for trial, defendant was denied his right to a speedy trial and must be discharged from the weapons conviction. We granted the State's petition for leave to appeal (134 Ill. 2d R. 315).

The State argues that defendant's attempt to invoke a demand for speedy trial was fatally deficient because the demand cited the wrong statute and omitted certain information required by the applicable statute, section 3—8—10 of the Unified Code of Corrections (Ill. Rev. Stat. 1991, ch. 38, par. 1003—8—10). In addition, the State contends that the appellate court erred in holding that defense counsel had rendered ineffective assistance of counsel by failing to move for discharge on speedy-trial grounds before defendant's trial.

We reverse the judgment of the appellate court.

## BACKGROUND

In February 1990, while defendant was serving a sentence at Menard Correctional Center, prison guards observed him throw something into a dumpster immediately prior to a routine search of prisoners. The guards recovered an object, described in the resulting report as an eight-inch-long, rod-shaped weapon "made from an ink pen." Defendant was charged with possession of a dagger-like weapon by a person committed to a facility of Department. (Ill. Rev. Stat. 1989, ch. 38, par. 24—1.1(b).) Before trial, defendant's attorney filed with the court and served on the State a document which, after setting forth the caption of the case, stated in full:

"REQUEST FOR TRIAL BY JURY

NOW COMES the defendant in the above-captioned cause, by and through his attorney,***, and demands a trial by jury in said cause, pursuant to Section 103—5(b), Chapter 38, Illinois Revised Statutes."

The signature of defendant's attorney appeared below this text.

It is significant to note that neither before nor after trial did defendant assert that he was denied his right to a speedy trial. Defendant's assertion that he was denied a speedy trial was made for the first time on appeal following his conviction. We also note that the sole reference in the record to a demand for speedy trial is the citation to section 103—5(b) of the Code of Criminal Procedure of 1963, incorporated into defendant's *jury* demand. Defendant's attempted demand for a speedy trial was contained in the text of his jury demand and was not separately set forth. In *People v. Ground* (1994), 257 Ill. App. 3d 956, 959, the court held that a defendant's demand for speedy trial under section 103—5(b) "must be set forth *in the title or heading* of any pleading containing that demand *** and must say that defendant 'demands a speedy trial.' " (Emphasis in original.) The *Ground* court reasoned that the demand for speedy trial is extremely significant because it is the sole means by which a defendant may preclude the State from prosecuting him, irrespective of how reprehensible the crime may be, or how overwhelming the evidence of guilt. Accordingly, the court noted that there could be no tolerance of any efforts on the part of defendants to "hide or bury their intent to invoke" the speedy-trial provisions. *Ground*, 257 Ill. App. 3d at 959.

Section 103—5 of the Code of Criminal Procedure of 1963 is commonly referred to as the Speedy Trial Act (Ill. Rev. Stat. 1991, ch. 38, par. 103—5). Defendant's citation to this act in his jury demand was erroneous, however, because the speedy-trial provision that applies

to prisoners in defendant's situation is the intrastate detainers statute, section 3—8—10 of the Unified Code of Corrections (Ill. Rev. Stat. 1991, ch. 38, par. 1003—8—10). Section 3—8—10 applies to "persons committed" to a Department facility who have "untried complaints, charges or indictments pending in any county of this State." Ill. Rev. Stat. 1991, ch. 38, par. 1003—8—10.

On January 28, 1991, approximately 117 days following defendant's demand for a jury trial, defendant's case was called for trial. The prosecutor, defense counsel, and defendant were present in court. The parties began selecting the jury but were unable to complete the process. After 10 jurors had been chosen, the trial court stated, "We have run out of jurors. We are unable to pick a jury in this case." The State asked whether the court could "summon a couple of jurors" for the next day. The court replied, "No. Do you want to continue the case over to the March docket?" Although it cannot be conclusively determined from the record to whom the question was directed, the record shows that the State did not respond but defense counsel said, "Thank you, your Honor." The court then remarked that it would reschedule the matter to the first available date on the March criminal docket. To this comment of the court, defense counsel replied, "Okay, your Honor."

The record contains an administrative order dated February 20, 1991, which listed the cases on the docket call for the March 1991 criminal jury trial docket. These cases were listed in chronological order by docket number. Defendant's case, assigned in accordance with this procedure, was called for trial on March 21, 1991. This date, according to the calculation of the appellate court in the instant case, was six days past the expiration of the applicable speedy-trial period of 160 days.

On March 21, before trial, the judge explained to de-

fendant that the parties would select a jury in the same manner as they had two months earlier, on the original trial date, and then proceed with the trial. Defendant responded, "Yes, your Honor." Neither defendant nor defense counsel raised a speedy-trial issue or moved for discharge of the weapons offense on the ground that the applicable speedy-trial period had expired.

## ANALYSIS

### I.

The first issue we review is whether defendant's failure to comply with section 3—8—10 of the Unified Code of Corrections prevented the running of the applicable speedy-trial period.

### *Speedy Trial Act*

Defendant's demand for a jury trial cited to section 103—5(b) of the Speedy Trial Act rather than to the intrastate detainers statute, section 3—8—10 of the Unified Code of Corrections. The Speedy Trial Act and the intrastate detainers statute provide different time periods and demand requirements for differently situated defendants.

Subsection (a) of the Speedy Trial Act provides, in pertinent part:

> "Every person *in custody* in this State for an alleged offense shall be tried by the court having jurisdiction within *120 days from the date he was taken into custody* unless delay is occasioned by the defendant." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 38, par. 103—5(a).)

Under this subsection, the State is obligated to bring the charge to trial within 120 days, without a demand for a speedy trial. (See *People v. Garrett* (1990), 136 Ill. 2d 318.) Unlike defendants who are released on bail, defendants who remain in custody before trial suffer the loss of their liberty before they are adjudicated guilty of a crime. Therefore, the legislature put the burden on

the State to try the case within the time specified; the defendant has no burden to invoke the right to a speedy trial.

In contrast, subsection (b) of the Speedy Trial Act provides:

"Every person *on bail or recognizance* shall be tried by the court having jurisdiction *within 160 days from the date defendant demands trial* unless delay is occasioned by defendant." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 38, par. 103—5(b).

A defendant who is subject to this subsection retains his or her liberty during the interval between arrest and conviction; accordingly, the State is given a longer time in which to try the charges than would be available if the defendant were in custody awaiting trial. To invoke the 160-day period of this subsection, defendants who are on bail or recognizance must serve the State with a formal demand.

### *Section 3—8—10, Intrastate Detainers*

The intrastate detainers statute under review in the instant case, section 3—8—10 of the Code, incorporates the 160-day speedy-trial period of section 103—5(b) of the Speedy Trial Act cited above. In pertinent part, section 3—8—10 provides:

"[S]ubsection (b) \*\*\* of Section 103—5 of the Code of Criminal Procedure of 1963 shall apply to persons committed to any \*\*\* facility \*\*\* of the Illinois Department of Corrections who have untried complaints, charges or indictments pending in any county of this State, and such person shall include in the demand under subsection (b), a statement of the place of present commitment, the term, and length of the remaining term, the charges pending against him or her to be tried and the county of the charges, and the demand shall be addressed to the state's attorney of the county where he or she is charged with a copy to the clerk of that court and a copy to the chief administrative officer of the Department of Corrections institution or facility to which he or she is commit-

ted. \*\*\* In the event that the person is not brought to trial within the allotted time, then the charge for which he or she has requested a speedy trial shall be dismissed." Ill. Rev. Stat. 1991, ch. 38, par. 1003—8—10.

In the case at bar, defendant's written jury demand neither cited to section 3—8—10 nor contained the requisite information as to the details of his incarceration, time served and time remaining on his sentence, and the pending charge. Moreover, neither defendant nor his counsel informed the court on the trial date of March 21, 1991, that the speedy-trial period had expired. Nonetheless, defendant urges this court to treat his demand as comporting with the requirements of section 3—8—10, under the facts of the case, and to hold that defendant's right to a speedy trial was violated.

*Statutory Construction of Speedy-Trial Provisions*

The right to a speedy trial is guaranteed by the Federal and Illinois Constitutions (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8). Under the constitutional analysis, whether a defendant's right to a speedy trial has been violated depends on such factors as the length of the delay in trial, the reasons for the delay, the defendant's assertion of the speedy-trial right, and prejudice to the defendant caused by such delay. (*Barker v. Wingo* (1972), 497 U.S. 514, 530, 33 L. Ed. 2d 101, 116-17, 92 S. Ct. 2182, 2192.) This court has recognized that the statutory right to a speedy trial is not the precise equivalent of the constitutional right. (*E.g.*, *Garrett*, 136 Ill. 2d at 223; *People v. Stuckey* (1966), 34 Ill. 2d 521.) Proof of a violation of the statutory right requires only that the defendant has not been tried within the period set by statute and that defendant has not caused or contributed to the delays. (*People v. Richards* (1980), 81 Ill. 2d 454, 459.) Defendants who rely on the statutory right are not required to show prejudice resulting from the delay in trial or other factors that are part of the

burden of establishing a violation of the constitutional right to a speedy trial. Illinois case law holds that when a statutory speedy-trial violation is alleged, "the statute operates to prevent the constitutional issue from arising except in cases involving prolonged delay, or novel issues." *People v. Stuckey* (1966), 34 Ill. 2d 521, 523; accord *People v. Bivens* (1976), 43 Ill. App. 3d 79; see also *People v. Thomas* (1986), 149 Ill. App. 3d 1.

In the case at bar, defendant asserted a violation of his statutory right to a speedy trial. No constitutional issue has been raised. Therefore, the issue presented is one of statutory interpretation, which requires this court to "ascertain and give effect to the legislature's intent." *(People v. Garrett* (1990), 136 Ill. 2d 318, 329.) Although the cases subscribe to the principle that speedy-trial statutes implement constitutional rights and are to be liberally construed (*e.g.*, *People v. Reimolds* (1982), 92 Ill. 2d 101, 106; *People v. Christensen* (1984), 102 Ill. 2d 321), in the instant case, the threshold question is whether defendant's attempted demand for a speedy trial, made pursuant to the wrong statute, operated to start the running of the 160-day time period granted by section 3—8—10. See *People v. Garrett* (1990), 136 Ill. 2d 318, 331 (recognizing rule of liberal construction but holding that in light of statutory scheme involving speedy-trial rights, courts are to effectuate legislative intent by applying express terms of pertinent statute).

The State urges this court to reject the appellate court's holding that, under the circumstances of the case, defendant's attempted demand for a speedy trial was sufficient. In response, defendant contends that his demand should be deemed effective because the State knew where defendant was located and suffered no prejudice from his omission of the informational requirements of section 3—8—10, which are designed to facili-

tate the location and transfer of prisoners in the Department's system who have charges pending against them, particularly when multiple counties are involved. Defendant argues that because all of the pertinent events occurred in the same county and the prosecutors knew defendant's whereabouts in the Department's system, no meaningful purpose is served by requiring strict compliance with the statute in this case.

The appellate court agreed with defendant, stating, "[R]equiring defendant's jury demand to include the specified statement as to the circumstances of his incarceration and the charges against him would have been a meaningless formality." (236 Ill. App. 3d at 1035.) Other courts, however, have held that the State's knowledge of a defendant's whereabouts in the Department does not excuse the defendant from complying with the statutory requirements for making a speedy-trial demand pursuant to section 3—8—10. See *People v. Davis* (1981), 92 Ill. App. 3d 869; *People v. Wentlent* (1982), 109 Ill. App. 3d 291.

We do not view as "technical" or "meaningless" the conditions that the legislature has attached to the speedy-trial right of section 3—8—10. Although the information required by that section may be for the administrative convenience of the State, the legislature placed the burden on defendants to affirmatively demand speedy trials pursuant to this section. When defendants are serving prison terms for existing convictions at the time they face trial on additional charges, they do not suffer a loss of liberty while awaiting trial on the pending charges. To exercise their statutory right to be tried within 160 days, they need only to comply with section 3—8—10. Defendant, in the case at bar, undisputably failed to invoke the applicable speedy-trial provision.

In determining whether full compliance with section

3—8—10 is mandated by the intent of the legislature, decisions from our appellate court have held that if a person committed to a Department facility intends to make an effective demand for a speedy trial, he or she must make the demand pursuant to the applicable statute as a *precondition* to the running of the 160-day period. See *People v. Willis* (1992), 235 Ill. App. 3d 1060; *People v. Jackson* (1992), 235 Ill. App. 3d 732; see also *People v. Davis* (1981), 92 Ill. App. 3d 869; *People v. Wentlent* (1982), 109 Ill. App. 3d 291 (enactment of section 3—8—10 was a legislative decision to put the burden of making the speedy trial demand on the defendant); *cf. People v. Howell* (1983), 119 Ill. App. 3d 1, 9 (demand for speedy trial under the interstate agreement on detainers, section 3—9—10, must be clear and unequivocal).

In *Willis* and *Jackson*, the defendants were each charged with mob action while incarcerated in a correctional facility. Both defendants failed to make a proper demand for speedy trials pursuant to section 3—8—10. Like the defendant in the case at bar, they filed speedy-trial demands pursuant to section 103—5(b) (Speedy Trial Act) instead of section 3—8—10 (intrastate detainers statute). The opinions in both cases, written by the same Justice, are virtually identical. They hold that because codefendants' speedy-trial demands were not brought pursuant to the intrastate detainers statute, "the 160-day period never began to run." *Jackson*, 235 Ill. App. 3d at 736; *Willis*, 235 Ill. App. 3d at 1064.

The above authorities recognize that a defendant who claims a violation of a speedy-trial right cannot prevail if the demand for trial fails to comply with the terms of the governing speedy-trial provision. To treat the informational requirements of section 3—8—10 as surplusage would be to infringe on the legislative prerogative to set reasonable conditions on an incarcerated

defendant's right to receive a trial within 160 days of the demand. As reflected by the statutes examined in the instant case, the legislature has seen fit to provide different time periods and demand requirements for offenders who are differently situated. In the case at bar, defendant failed to satisfy the applicable speedy-trial statute; accordingly, the 160-day period never began to run. We therefore hold that the appellate court erred in construing defendant's demand for jury trial as an effective demand for a speedy trial pursuant to section 3—8—10.

## II.

### Ineffective Assistance of Counsel

We next consider defendant's argument that his counsel rendered ineffective assistance by (1) failing to make a proper demand for speedy trial initially, and (2) waiving the speedy-trial issue by failing to move for defendant's discharge on speedy-trial grounds before trial. To determine whether defense counsel's failure to pursue his client's statutory right to a speedy trial constituted ineffective assistance, we look to the standard of *Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064, which requires a showing that defense counsel performed at a level that was below an objective standard of reasonableness and that, but for the unprofessional errors, the result in the case would have been different. Many trial decisions of defense counsel are strategic decisions that will not be scrutinized by the courts when the overall representation of defense counsel is adequate. See *People v. Keyes* (1990), 195 Ill. App. 3d 370, 374 (tactical decision to demand a speedy trial rests with defense counsel, and delay in trial may be intended by the defense as a strategy, especially where defendant is out on bail and the passage of time may hinder the State's case); *cf. People*

*v. Morris* (1954), 3 Ill. 2d 437 (reversing defendant's conviction where defense counsel not only failed to move for discharge under the speedy-trial provision of section 103—5(a), but also failed to adequately prepare the case for trial).

In the instant case, defense counsel waived the speedy-trial issue by failing to move for defendant's discharge on that ground before trial. (See *People v. Pearson* (1981), 88 Ill. 2d 210, 219; *People v. Howard* (1985), 130 Ill. App. 3d 967, 972-73.) An attorney's failure to seek discharge of his client on speedy-trial grounds generally will be deemed ineffective assistance of counsel if there is a reasonable probability that the defendant would have been discharged had a timely motion for discharge been made and no justification has been proffered for the attorney's failure to bring such a motion. *People v. Morris* (1954), 3 Ill. 2d 437; *People v. Alcazar* (1988), 173 Ill. App. 3d 344; *People v. Hawkins* (1991), 212 Ill. App. 3d 973.

Defendant relies on *Alcazar* and *Hawkins* in support of the contention that his counsel's failure to assert his right to speedy trial deprived him of the effective assistance of counsel. In *Alcazar*, defendant was charged with murder and had agreed to certain continuances of trial, which began on a date that was beyond the 120-day time period of section 103—5(a) of the Speedy Trial Act. At trial, the State added a second count to the defendant's indictment, for unauthorized use of a weapon. Defendant was convicted of both the murder and weapons charge. On appeal, the murder conviction was affirmed but the weapons charge was reversed on speedy-trial grounds. The appellate court held that defendant's agreement to continuances of the murder trial, during the original 120-day time period from the date defendant was taken into custody, did not toll the 120-day time period in which the State was required to

try defendant on the weapons charge, which was not added to the indictment until the day of trial. Consequently, defendant could not have agreed to continuances of trial on the charge that was not in existence at the time the continuances were sought. The *Alcazar* court concluded that defendant's lawyer had rendered ineffective assistance of counsel because if he had moved for discharge or dismissal of the weapons charge there was a reasonable probability that the court would have granted the motion. *Alcazar*, 173 Ill. App. 3d at 355.

Similarly, the court in *Hawkins* held that when the State amended a defendant's original robbery information to include armed robbery, 12 weeks after defendant was taken into custody, the State was bound to try defendant on armed robbery within the 120-day period of the Speedy Trial Act, without applying the continuances that occurred with respect to trial on the original charge. (*Hawkins*, 212 Ill. App. 3d at 984.) Noting that the Speedy Trial Act was adopted to prevent oppressive pretrial incarcerations of defendants, the court found it immaterial that defendant was apprised of the armed robbery charge with sufficient time remaining before trial to prepare his defense.

Unlike *Alcazar* and *Hawkins*, where the State's duty to try the defendants on the late-filed charges within 120 days stood unabated, the instant case involves the trial court's decision to reschedule defendant's trial with the express acknowledgment and acquiescence of the defense. For defendant to come within the purview of cases such as *Alcazar* and *Hawkins*, he must be able to demonstrate that if his attorney had made a proper demand for a speedy trial and then moved for discharge at the time of trial, there is a *reasonable probability* the trial court would have discharged him on speedy-trial grounds. Therefore, this court must assess the circumstances as they existed on March 21, 1991, and deter-

mine whether there was a reasonable probability that a defense motion for discharge would have prevailed.

Under the law, the applicable speedy-trial period is tolled by those delays in trial to which the defendant contributes or causes. (*People v. Turner* (1989), 128 Ill. 2d 540, 550.) A defense counsel's agreement to a continuance, appearing of record, may be considered a delay attributable to defendant. (*E.g., Reimolds*, 92 Ill. 2d at 106.) Conversely, if the record is silent the courts will not presume that the delay was attributable to defendant. (*Reimolds*, 92 Ill. 2d at 106.) Moreover, a defendant is ordinarily bound by the affirmative acts of his counsel, including counsel's request for a continuance. *People v. Bowman* (1990), 138 Ill. 2d 131, 141.

We have held that because defendant's notice of demand for speedy trial was defective, the 160-day time period never began to run. However, even if we were to conclude that defense counsel was incompetent for failing to file the demand pursuant to the proper statute, we do not believe that the outcome would have been different in this case, for the following reasons.

Assuming that defense counsel had filed a proper demand on October 3, 1991, thereby starting the time clock, we believe that defense counsel's acceptance of the trial court's rescheduling of trial tolled the 160-day period. The State and defense were both ready for trial on January 28, 1991, a date within the 160-day period. Jury selection had commenced but, due to the shortage of jurors, the case was passed to the next available jury docket and set for March. The court specifically asked if the rescheduling was acceptable; defense counsel responded, "Thank you, Your Honor." Then, when the court indicated it would reschedule the case for the first available date on the March criminal docket, defense counsel replied, "Okay, your Honor." We hold that, by this reply, defense counsel acquiesced in the continu-

ance of trial. Defendant was present in court when the January 28 trial date was continued. Nothing in the record suggests that defendant desired an earlier trial date or that he told his counsel he was opposed to the brief continuance of trial. (See *Bowman*, 138 Ill. 2d at 142 ("record need not always affirmatively show that when an attorney requests or agrees to a continuance, he has consulted with and received the advice of the accused, because such a rule would intolerably burden the trial courts").) Accordingly, we reject defendant's contention that he should not be bound by his counsel's acceptance of the rescheduled trial date.

Defendant argues that a delay in trial caused by a lack of jurors is not a delay attributable to the defense and that a defendant does not have a duty to advise the court that the date set for trial represents a speedy-trial problem. (See *People v. Smith* (1991), 207 Ill. App. 3d 1072, 1077-78.) In *Smith*, the State appealed from the trial court's ruling that the defendant must be discharged from the offense of reckless homicide because the State failed to try her within 120 days and that various delays in the trial were not attributable to the defendant. The appellate court upheld the trial court's ruling, deferring to the trial court's assessment of the situation after a hearing on the matter.

In the instant case, unlike the *Smith* case, the trial court was never presented with the speedy-trial issue and did not rule on its merits. A court of review must determine the issues solely on the basis of the record before it. (*Reimolds*, 92 Ill. 2d at 106-07.) Defendant's burden, in the appellate court, was to persuasively demonstrate that if his counsel had moved for defendant's discharge before the March 21 trial date, there is a reasonable probability that the court would have granted the motion on speedy-trial grounds. In the instant case, defendant presents no facts to support such a motion,

beyond his bare assertion that the trial was held more than 160 days following his demand for trial by jury and that he did not contribute to the delay.

We hold that the appellate court erred in concluding that defense counsel's failure to move for defendant's discharge amounted to ineffective assistance. The record does not support a reasonable probability that defense counsel's failure to move for his discharge before trial materially affected the outcome of his case or resulted in defendant's failure to be discharged on speedy-trial grounds. Therefore, we conclude that defendant's claim of ineffective assistance of counsel lacks merit under the *Strickland* standard.

The judgment of the appellate court is reversed. However, the appellate court did not address certain alleged trial errors because of its reversal of defendant's conviction on speedy-trial grounds. Accordingly, we remand this cause to the appellate court for consideration of defendants' remaining arguments.

*Appellate court reversed;*
*cause remanded.*

JUSTICE HARRISON took no part in the consideration or decision of this case.