THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. LORA LYNN WOODDELL, Defendant-Appellee.

Fourth District    No. 4—03—0946

Opinion filed May 2, 2005.

Norbert J. Goetten, Robert J. Biderman, and Thomas R. Dodegge, all of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People.

Daniel D. Yuhas and Catherine K. Hart, both of State Appellate Defender's Office, of Springfield, for appellee.

JUSTICE TURNER delivered the opinion of the court:

In November 2002, the State charged defendant, Lora Lynn Wooddell, with 16 counts of deceptive practices (720 ILCS 5/17—1(B)(d) (West 2000)) for her actions in September 2002. In May 2003, defendant filed a *pro se* demand for a speedy trial under the intrastate detainers statute (730 ILCS 5/3—8—10 (West 2002)). In October 2003, defendant filed a motion to dismiss and an amended motion to dismiss the charges, contending 160 days had passed since she filed her speedy-trial demand. After a hearing, the trial court granted defendant's motion and dismissed the charges.

The State appeals, arguing the trial court should not have dismissed the charges because (1) the intrastate detainers statute no longer applied to defendant when she was released from prison, and thus she had to comply with the Speedy Trial Act (725 ILCS 5/103—5 (West 2002)); and (2) if the 160-day period did apply, it had not expired. We reverse and remand.

## I. BACKGROUND

The May 2003 speedy-trial demand indicated defendant was in the custody of the Department of Corrections (DOC) for a perjury conviction and had one month left to serve. The demand indicated defendant served notice of it to the circuit clerk, the State's Attorney, and the public defender by placing it in the mail on May 7, 2003. The circuit

clerk file stamped the demand on May 15, 2003. However, the docket entry indicates the demand was filed and brought to the attention of the State's Attorney on May 19, 2003.

On May 30, 2003, defendant was arrested and released on bond. In an April 2003 letter to the State's Attorney, defendant had indicated her expected release date was May 30, 2003.

On October 23, 2003, defendant filed a motion to dismiss the charges, contending 160 days had passed since she filed her speedy-trial demand. That same day, the trial court held a hearing on defendant's motion, and defendant filed an amended motion in court, clarifying that defendant's speedy-trial demand was based on the intrastate detainers statute. The court dismissed the charges, finding a defendant who makes a speedy-trial demand while in DOC does not have to file a demand under subsection (b) of the Speedy Trial Act if the defendant is later released. This appeal by the State followed.

## II. ANALYSIS

The State argues the trial court erred in dismissing defendant's charges because her speedy-trial demand made while she was incarcerated in DOC became ineffective when she was placed on mandatory supervised release and the Speedy Trial Act applied when she was later released on bail for the charges at issue here. Our review is *de novo* since the State's issue requires us to interpret the intrastate detainers statute and the Speedy Trial Act. See *People v. Maggette*, 195 Ill. 2d 336, 348, 747 N.E.2d 339, 346 (2001).

In interpreting a statute, this court must ascertain and give effect to the legislature's intent. Such an inquiry appropriately begins with the language of the statute itself since the language used by the legislature is the best indication of legislative intent. In analyzing the legislative language, this court gives the language its plain and ordinary meaning, and we read the statute as a whole and consider all relevant provisions together. *People v. Olsson*, 335 Ill. App. 3d 372, 374, 780 N.E.2d 816, 818 (2002). While speedy-trial provisions are to be construed liberally, courts must apply the statutory scheme established by the legislature. See *People v. Garrett*, 136 Ill. 2d 318, 331, 555 N.E.2d 353, 359 (1990).

The State first asserts the intrastate detainers statute did not continue to apply to defendant once she was released from a DOC facility on mandatory supervised release.

■ The intrastate detainers statute provides the following:

"Except for persons sentenced to death, subsection (b), (c)[,] and (e) of [s]ection 103—5 of the Code of Criminal Procedure of 1963 [(725 ILCS 5/103—5(b), (c), (e) (West 2002))] shall also apply to

persons committed to any institution or facility or program of the Illinois [DOC] who have untried complaints, charges[,] or indictments pending in any county of this [s]tate, and such person shall include in the demand under subsection (b), a statement of the place of present commitment, the term, and length of the remaining term, the charges pending against him or her to be tried and the county of the charges, and the demand shall be addressed to the [S]tate's [A]ttorney of the county where he or she is charged with a copy to the clerk of that court and a copy to the chief administrative officer of the [DOC] institution or facility to which he or she is committed. The [S]tate's [A]ttorney shall then procure the presence of the defendant for trial in his county by habeas corpus. Additional time may be granted by the court for the process of bringing and serving an order of habeas corpus ad prosequendum. In the event that the person is not brought to trial within the allotted time, then the charge for which he or she has requested a speedy trial shall be dismissed." 730 ILCS 5/3—8—10 (West 2002).

In this case, the parties agree that defendant's speedy-trial demand made while she was incarcerated on a prior conviction was properly brought under the intrastate detainers statute. However, the State asserts that once defendant was released from incarceration on mandatory supervised release, she was no longer "committed to any institution or facility or program of the Illinois [DOC]." Clearly, once released from prison on mandatory supervised release, defendant was no longer in a DOC institution or facility. Thus, we must determine if mandatory supervised release is a DOC program under the intrastate detainers statute.

The Unified Code of Corrections (Unified Code) (730 ILCS 5/1—1—1 through 8—6—1 (West 2002)) does not define "program" but does refer to some programs, *i.e.*, "educational programs," "employment programs," and "work and day release programs" (730 ILCS 5/3—6—2(d), 3—12—3, 3—13—1 (West 2002)). However, the Unified Code never refers to mandatory supervised release as a program.

Moreover, we must read the intrastate detainers statute as a whole and interpret it so as to not render any word or paragraph meaningless. See *In re Detention of Gardner*, 307 Ill. App. 3d 85, 90, 717 N.E.2d 517, 521 (1999). In reading the statute as a whole, the statute's language indicates it applies to persons over which DOC has physical custody. The statute requires the State's Attorney to procure the defendant's presence for trial by *habeas corpus* but has no provision for the use of a summons or warrant for persons not in DOC's physical custody. Thus, the *habeas corpus* provisions are meaningless unless the defendant is in DOC's physical custody.

Accordingly, we find mandatory supervised release is not a "program" for the purposes of the intrastate detainers statute.

This interpretation is consistent with the Third District's decision in *People v. Lykes*, 124 Ill. App. 3d 604, 608, 464 N.E.2d 849, 850 (1984), where the defendant was transferred to a DOC facility for violating his supervised release seven days after he was arrested on charges for a new offense. The *Lykes* court concluded "commitment" includes the reconfinement of the accused, and thus the intrastate detainers statute applied to a person committed to DOC after an arrest on a pending charge in addition to those already committed at the time charges are brought. *Lykes*, 124 Ill. App. 3d at 608, 464 N.E.2d at 852-53. Thus, the court found the defendant was committed to DOC when he was transferred to a DOC facility, and thus the intrastate detainers statute, not the Speedy Trial Act, then applied to the defendant. *Lykes*, 124 Ill. App. 3d at 608, 464 N.E.2d at 853.

However, we recognize our holding is inconsistent with the Fifth District's finding in *People v. Penrod*, 316 Ill. App. 3d 713, 719, 737 N.E.2d 341, 348 (2000), that a defendant on mandatory supervised release is committed to a DOC program during the entire release period, and thus when such a defendant is arrested on new charges, the intrastate detainers statute and not the Speedy Trial Act applies. There, the court did not analyze whether mandatory supervised release was in fact a "program" for purposes of the intrastate detainers statute or examine the entire language of the intrastate detainers statute.

Since we have found the intrastate detainers statute no longer applied to defendant when she was released from a DOC facility on mandatory supervised release, we must determine whether her initial speedy-trial demand properly brought under that statute remained effective when she was arrested on the charges at issue and released on bail.

Both the Speedy Trial Act and the intrastate detainers statute address an accused's right to a speedy trial but provide different time periods and demand requirements for differently situated defendants. *People v. Staten*, 159 Ill. 2d 419, 424, 639 N.E.2d 550, 553 (1994). Under the two provisions, the following three classifications of defendants are produced: (1) in custody on a pending charge (725 ILCS 5/103—5(a) (West 2002)); (2) out on bail or recognizance (725 ILCS 5/103—5(b) (West 2002)); and (3) committed to a DOC institution, facility, or program with untried charges pending (730 ILCS 5/3—8—10 (West 2002)).

■ With the first classification, the State must bring the charge to

trial within 120 days, and the defendant does not need to demand a speedy trial. 725 ILCS 5/103—5(a) (West 2002); *Staten*, 159 Ill. 2d at 424, 639 N.E.2d at 553. Such a defendant has no burden to invoke the speedy-trial right because unlike defendants released on bail, defendants who remain in custody before trial lose their liberty before they are adjudicated guilty of a crime. *Staten*, 159 Ill. 2d at 424, 639 N.E.2d at 553-54. Additionally, if a defendant is taken into custody a subsequent time for the same offense, the 120-day term begins again at day zero. 725 ILCS 5/103—5(a) (West 2002).

■ When a defendant is released on bail or recognizance, the defendant must serve the State with a formal speedy-trial demand, and the State must try the defendant within 160 days of the demand. 725 ILCS 5/103—5(b) (West 2002); *Staten*, 159 Ill. 2d at 425, 639 N.E.2d at 554. The State has a longer time in which to try the charges since the defendant retains his or her liberty during the period between arrest and conviction. *Staten*, 159 Ill. 2d at 425, 639 N.E.2d at 554. In computing the 160-day period, if the defendant was in custody for a charge and demanded trial and was later released on bail and recognizance and again demands trial, the defendant shall receive credit for the time spent in custody following the making of a demand while in custody. 725 ILCS 5/103—5(b) (West 2002).

■ Under the intrastate detainers statute, the defendant must file a demand as specified by that statute, and the State must try the defendant within 160 days of the demand as provided for in subsection (b) of the Speedy Trial Act (725 ILCS 5/103—5(b) (West 2002)). 730 ILCS 5/3—8—10 (West 2002). The burden is placed on defendants to demand speedy trials under this statute because defendants serving prison terms for existing convictions when they face trial on additional charges do not suffer a loss of liberty while awaiting trial on the pending charges. *Staten*, 159 Ill. 2d at 428, 639 N.E.2d at 555.

■ When a defendant has changed from one of the above classifications to another, courts have found the defendant must comply with the requirements of the new classification. For example, when a defendant is in custody on pending charges and is later released on bail or recognizance, the defendant must make a speedy-trial demand under subsection (b) of the Speedy Trial Act even if he made a demand while in custody on the pending charges. See *Garrett*, 136 Ill. 2d at 329-30, 555 N.E.2d at 359; see also 725 ILCS 5/103—5(b) (West 2002) (requiring the demand to include the date of any prior demand made while in custody and giving credit for the time spent in custody after he or she made the demand while in custody). Moreover, when a defendant is in custody on a pending charge and then committed to a

DOC facility, institution, or program, the defendant must make a demand in compliance with the intrastate detainers statute. See *Lykes*, 124 Ill. App. 3d at 608, 464 N.E.2d at 853; *People v. Freeland*, 103 Ill. App. 3d 94, 97, 430 N.E.2d 277, 280 (1981).

While no cases have addressed a defendant going from incarceration to custody on a pending charge to out on bail, we continue to find the defendant's newest classification determines the demand requirement and speedy-trial term. Thus, when defendant was released from custody on bail, subsection (b) of the Speedy Trial Act (725 ILCS 5/103—5(b) (West 2002)) then applied, and defendant had to file a demand in compliance with that subsection. Accordingly, we find the trial court erred in dismissing the charges against defendant.

Because we find defendant needed to file a new speedy-trial demand, we decline to address whether the 160 days had in fact expired when defendant filed her motion to dismiss.

## III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment and remand for further proceedings.

Reversed and remanded.

APPLETON and MYERSCOUGH, JJ., concur.