# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Satisfield*, 2012 IL App (2d) 110297

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LASHAWN SATISFIELD, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0297 |
| Filed | October 1, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The demand for a speedy trial filed by defendant while he was incarcerated in a Department of Corrections' facility was ineffective due to his failure to comply with section 3-8-10 of the Unified Code of Corrections requiring that he send a copy of the demand to the chief administrative officer of the facility where he was incarcerated. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 09-DT-3362; the Hon. George D. Strickland, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Thomas A. Lilien and R. Christopher White, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan, (Lawrence M. Bauer, of State's Attorneys Appellate Prosecutor's Office, of counsel), and David Neal, of Coal City, for the People.

Panel

JUSTICE BIRKETT delivered the judgment of the court, with opinion.

Justices McLaren and Hutchinson concurred in the judgment and opinion.

## OPINION

¶ 1     Following a stipulated bench trial, defendant, Lashawn Satisfield, was found guilty of driving under the influence of alcohol (625 ILCS 5/11-501(a) (West 2008)). On appeal, defendant contends that the trial court erred in striking his speedy-trial demand. For the reasons that follow, we affirm.

¶ 2                                         BACKGROUND

¶ 3     Defendant was charged with two counts of driving under the influence of alcohol (625 ILCS 5/11-501(a)(1), (a)(2) (West 2008)). On January 7, 2010, he filed a speedy-trial demand, but failed to appear in court on February 10, 2010. As a result, the trial court entered a bond forfeiture warrant for defendant's arrest and ordered him to appear in court on March 17, 2010.

¶ 4     On March 2, 2010, defendant filed a second speedy-trial demand, this time while incarcerated in the Department of Corrections' Lawrence Correctional Center on a separate offense. At the March 17, 2010, hearing, the State moved to strike defendant's second demand on the basis that defendant failed to send a copy of the demand to the chief administrative officer of Lawrence Correctional Center, as required by section 3-8-10 of the Unified Code of Corrections (Code) (730 ILCS 5/3-8-10 (West 2010)). Defendant did not appear on that date.

¶ 5     Following a subsequent hearing on the matter, the trial court granted the State's motion and struck defendant's second demand. The oral motion to reconsider made by defendant shortly thereafter was denied.

¶ 6     On May 26, 2010, the trial court entered judgment on the bond forfeiture.

¶ 7     Defendant filed a third speedy-trial demand on August 10, 2010, and the case proceeded to a stipulated bench trial on November 29, 2010, after which the trial court found defendant guilty and sentenced him to one year of court supervision. Following an unsuccessful motion

for a new trial, defendant brought this timely appeal.

¶ 8                                                     ANALYSIS

¶ 9        On appeal, defendant contends that the trial court erred in granting the State's motion to strike his second speedy-trial demand. According to defendant, because the State was aware of his incarceration at Lawrence Correctional Center, his failure to send a copy of his second speedy-trial demand to the chief administrative officer was not fatal to his demand. We disagree.

¶ 10       Section 3-8-10 of the Code provides that the speedy-trial rights afforded defendants under sections 103-5(b), (c), and (e) of the Code of Criminal Procedure of 1963 (725 ILCS 5/103-5(b), (c), (e) (West 2010)) shall apply to people committed to the Department of Corrections. 730 ILCS 5/3-8-10 (West 2010). Section 3-8-10 requires, however, that a defendant file a demand that includes the following:

"a statement of the place of present commitment, the term, and length of the remaining term, the charges pending against him or her to be tried and the county of the charges, and the demand shall be addressed to the state's attorney of the county where he or she is charged with a copy to the clerk of that court and a copy to the chief administrative officer of the Department of Corrections institution or facility to which he or she is committed." 730 ILCS 5/3-8-10 (West 2010).

¶ 11       In *People v. Staten*, 159 Ill. 2d 419, 426, 429-30 (1994), our supreme court held that the defendant's failure to include in his speedy-trial demand a reference to section 3-8-10 of the Code or the details of his incarceration, time served, and time remaining on his sentence rendered his demand ineffective. The defendant argued, as defendant does in the present case, that because the State knew where he was incarcerated, his failure to strictly comply with the requirements of section 3-8-10 should be excused, as the purpose of the statute was served. *Staten*, 159 Ill. 2d at 427-28. The supreme court rejected that argument, noting that the requirements of section 3-8-10 are neither technical nor meaningless and that the legislature chose to place the burden of making an affirmative speedy-trial demand according to section 3-8-10 on incarcerated defendants. *Staten*, 159 Ill. 2d at 428. In addition, the *Staten* court noted that courts of this state had already held that the State's knowledge of a defendant's whereabouts did not relieve the defendant of the burden of complying with section 3-8-10. *Staten*, 159 Ill. 2d at 428; see also *People v. Wentlent*, 109 Ill. App. 3d 291 (1982); *People v. Davis*, 92 Ill. App. 3d 869 (1981).

¶ 12       Defendant attempts to distinguish *Staten* on the ground that the defendant's violations of section 3-8-10 in *Staten* were more flagrant than the violation in the present case, where defendant simply failed to deliver a copy of the demand to the chief administrative officer of Lawrence Correctional Center. This contention is unavailing, as the language used by the supreme court in *Staten* indicates that the supreme court intended to mandate strict compliance with the requirements of section 3-8-10. Noting several decisions that required compliance with section 3-8-10 as a precondition of the running of the speedy-trial period, the supreme court stated the following:

"The above authorities recognize that a defendant who claims a violation of a speedy-

-3-

trial right cannot prevail if the demand for trial fails to comply with the terms of the governing speedy-trial provision. To treat the informational requirements of section 3-8-10 as surplusage would be to infringe on the legislative prerogative to set reasonable conditions on an incarcerated defendant's right to receive a trial within 160 days of the demand. As reflected by the statutes examined in the instant case, the legislature has seen fit to provide different time periods and demand requirements for offenders who are differently situated." *Staten*, 159 Ill. 2d at 429-30.

Nowhere in this passage or in the cases cited by *Staten* is there support for defendant's position that whether omissions in a speedy-trial demand made pursuant to section 3-8-10 are fatal is dependent upon the number and severity of the omissions. Rather, *Staten* suggests that a defendant must fully comply with all of the requirements of section 3-8-10 in order to set the 160-day period running. Although the defendant in *Staten* failed to comply with more requirements than defendant in the present case, in each case the claimed purpose of section 3-8-10 (to make the State aware of the defendant's whereabouts) was satisfied. Nevertheless, the supreme court in *Staten* held that the defendant's demand was insufficient. Accordingly, we see no reason to excuse defendant from full compliance with the requirements of section 3-8-10 simply because he satisfied a few more requirements than the defendant in *Staten*.

¶ 13    During oral arguments on this matter, counsel for defendant argued strenuously that the record did not contain any evidence that defendant, in fact, failed to send a copy of the demand to the chief administrative officer of Lawrence Correctional Center. He also argued that any deficiency in putting the chief administrative officer on notice could have been remedied by the State's writting defendant into court upon receiving his demand. With respect to defendant's claim that the record does not indicate whether defendant sent a copy to the chief administrative officer, we note that defendant had at least two opportunities to demonstrate to the trial court that he had complied with all of the requirements of section 3-8-10: at the hearing on the State's motion to strike his demand and at the hearing on defendant's posttrial motion. At both hearings, defendant's compliance with section 3-8-10 was squarely at issue, yet defendant took neither opportunity to demonstrate that he had sent a copy of his demand to the chief administrative officer. Moreover, the burden to comply with the requirements of section 3-8-10 was on defendant. *People v. Sandoval*, 236 Ill. 2d 57, 66 (2010) ("the legislature intended to place the burden of compliance [with the requirements of section 3-8-10] on the demanding defendant"). The State was under no obligation to remedy defendant's failure to comply with section 3-8-10, and defendant's attempt to shift that burden is unavailing.

¶ 14    Because we conclude that defendant was required to comply with all of the requirements of section 3-8-10–including sending a copy of his demand to the chief administrative officer–and because defendant has offered nothing tending to show that he complied with all of those requirements, the trial court did not err in striking defendant's second speedy-trial demand. Given our conclusion that defendant's failure to demonstrate compliance with the requirements of section 3-8-10 is fatal to his demand, we need not determine what, if any, effect his failure to appear in the trial court on February 10, 2010, and March 17, 2010, had on any of his demands.

¶ 15                              CONCLUSION

¶ 16        For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

¶ 17        Affirmed.