2025 IL App (1st) 231003-U

No. 1-23-1003

Order filed May 30, 2025

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CR 15201 |
| | ) | |
| ISHMAEL REED, | ) | Honorable |
| | ) | William H. Hooks, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MITCHELL delivered the judgment of the court.
Presiding Justice Mikva and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1      *Held*: Defendant's convictions are affirmed where defendant's statutory right to a speedy trial was not violated because the Illinois Supreme Court tolled the speedy trial term during the COVID-19 pandemic. Thus, defendant's trial counsel did not provide ineffective assistance by failing to move to dismiss defendant's charges.

¶ 2      Defendant Ishmael Reed appeals his convictions for attempt murder (720 ILCS 5/8-4(a) (West 2016); 720 ILCS 5/9-1(a)(1) (West 2016)), home invasion (720 ILCS 5/19-6(a)(3)-(5) (West 2016)), aggravated battery (720 ILCS 5/12-3.05(e)(1) (West 2016)), and residential burglary (720 ILCS 5/19-3(a) (West 2016)). The issue on appeal is whether defendant's trial counsel provided

ineffective assistance by failing to move to dismiss defendant's charges due to a speedy-trial violation. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Defendant Ishmael Reed was arrested on September 23, 2017, following an encounter with Jonpaol Bosseau in which Bosseau was shot four times. The following day, defendant was charged by complaint with attempt murder, home invasion, aggravated domestic battery and aggravated assault in case number 17111806001. Defendant asserted a trial demand, and the case was continued three times, each continuance attributed to the State. On October 19, 2017, the State filed a superseding indictment under case number 17CR15201, charging defendant with multiple counts of attempt murder, home invasion, aggravated battery, residential burglary, aggravated unlawful use of a weapon, unlawful possession of a weapon by a felon, and aggravated assault. On October 30, defendant was arraigned and pleaded not guilty.

¶ 5      The case was continued by agreement of the parties from October 30, 2017, until July 6, 2021. Starting in March 2020, the Illinois Supreme Court issued several emergency administrative orders due to the COVID-19 pandemic that tolled statutory speedy-trial restrictions and allowed the Chief Judges of each circuit to issue continuances for trials. See, *e.g.*, Ill. S. Ct., M.R. 30370 (eff. Apr. 7, 2020). A bench trial was set for July 6, 2021. However, the State was not ready for trial on that date because it needed additional time to locate a witness. The circuit court agreed to continue the case on the State's motion until August 5. On that date, the case was continued again on the State's motion.

¶ 6      Between September 21, 2021, and November 3, 2021, the case was continued by agreement while the parties tried to negotiate a plea agreement. However, the parties could not reach an

agreement and on November 3, defendant reasserted his trial demand. The case was continued on the State's motion until the bench trial began on December 14, 2021. Defendant remained in custody from the time of his arrest until trial.

¶ 7    At trial, the State proceeded on four counts of attempt murder, four counts of home invasion, two counts of residential burglary, and one count of aggravated battery. The circuit court convicted defendant on all counts. Defendant filed a motion for a new trial that did not include any claim that defendant's speedy-trial rights had been violated. The circuit court denied the motion and sentenced defendant to an aggregate term of 35 years of imprisonment. This timely appeal followed. Ill. S. Ct. R. 606 (eff. Mar. 12, 2021).

¶ 8                                     II. ANALYSIS

¶ 9    Defendant argues that his trial counsel provided ineffective assistance because counsel failed to move to dismiss defendant's charges due to a violation of defendant's statutory right to a speedy trial. 725 ILCS 5/103-5 (West 2016). The State argues that trial counsel was not ineffective because defendant's speedy-trial rights were not violated. An ineffective assistance of counsel claim is governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under this test, defendant must show both that "(1) counsel's performance was deficient, and (2) the deficient performance prejudiced defendant such that he was deprived of a fair trial." *People v. Cordell*, 223 Ill. 2d 380, 385 (2006). "Counsel's failure to assert a speedy-trial violation cannot establish either prong of an ineffective assistance claim if no speedy-trial violation occurred." *People v. Staake*, 2017 IL 121755, ¶ 47. Therefore, we must first determine whether defendant's statutory right to a speedy trial was violated. *Cordell*, 223 Ill. 2d at 385.

¶ 10   Defendant argues that his right to a speedy trial was violated because his trial commenced after the statutory 120-day limit had expired. "In Illinois, a defendant has both a constitutional and a statutory right to a speedy trial." *Id*. Here, defendant contends only that his statutory right to a speedy trial was violated.

¶ 11   Under the Code of Criminal Procedure, "[e]very person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he or she was taken into custody unless delay is occasioned by the defendant ***." 725 ILCS 5/103-5(a). Delay is occasioned by the defendant "when he requests a continuance, agrees to a continuance, or when his actions otherwise cause or contribute to the delay." (Internal quotation marks omitted.) *People v. Patterson*, 392 Ill. App. 3d 461, 467 (2009). Further, "[d]elay shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record." 725 ILCS 5/103-5(a). If a defendant is not tried within the statutory period, he "shall be discharged from custody" and have the charges against him dismissed. *People v. Mayo*, 198 Ill. 2d 530, 536 (2002); 725 ILCS 5/103-5(d). "Proof of a violation of the statutory right requires only that the defendant has not been tried within the period set by statute and that defendant has not caused or contributed to the delays." *People v. Staten*, 159 Ill. 2d 419, 426 (1994). Defendant need not show that he was prejudiced by the delay. *Id.* at 426-27. Whether defendant's statutory right to a speedy trial was violated is a question of law reviewed *de novo*. *People v. Pettis*, 2017 IL App (4th) 151006, ¶ 17.

¶ 12   The parties agree that 78 days of delay can be attributed to the State: 37 days from September 23, 2017, to October 30, 2017, and 41 days from November 3, 2021, to December 14, 2021. The parties dispute whether the 77-day period of delay from July 6, 2021, to September 21,

2021, was attributable to the State. If so, then the total period of delay would be 155 days, which would exceed the 120-day statutory speedy-trial period.

¶ 13    On July 6, 2021, the State asked the circuit court to continue the case on the State's motion because the State needed additional time to locate a witness:

> "Your Honor, at this time, I am asking the Court to continue the matter. The defendant is going to demand trial today. There is a written demand that's been filed. That matter will continue motion State.
>
> Just to perfect the record with issue to motion State or to demands for speedy trial, although the Supreme Court has tolled speedy trial, this courthouse and this Court itself has been doing bench trials and hearings for a while now. So if the Court deems it appropriate to continue the matter motion State and count that against the State, it's obviously no problem. I've actually calculated that into my term, presuming that the Court would do that. We have until September 26th for 120 days in custody based on trial demand today."

The circuit court agreed to continue the case on the State's motion until August 5. On that date, the case was continued again on the State's motion until September 21.

¶ 14    Ordinarily, this period of delay would be attributable to the State. However, during the period in question, the Illinois Supreme Court had issued emergency administrative orders due to the COVID-19 pandemic that tolled the speedy trial term:

> "The Chief Judges of each circuit may continue trials until further order of this Court. The continuances occasioned by this Order serve the ends of justice and outweigh the best interests of the public and defendants in a speedy trial. Therefore, such

continuances shall be excluded from speedy trial computations contained in section 103-5 of the Code ***. Statutory time restrictions in section 103-5 of the Code *** shall be tolled until further order of this Court." Ill. S. Ct., M.R. 30370 (eff. Apr. 7, 2020).

The April 7 order was an amendment of the Illinois Supreme Court's prior orders and was meant to "clarify [the court's] intent to toll the time restrictions of the speedy-trial statute." *People v. Mayfield*, 2023 IL 128092, ¶ 9.

¶ 15    The court in *Mayfield* found that because the scheduling of trials is a "matter of court procedure *** within this court's constitutional authority over all state courts," the Illinois Supreme Court's orders "that tolled the speedy-trial statute did not violate the separation-of-powers clause." *Id.* ¶ 3. The court held that "[w]hen, as in this case, a statute cannot be reconciled with a rule of this court adopted pursuant to our constitutional authority, the rule will prevail." *Id.* ¶ 31. Thus, the "supreme court had the authority to allow the tolling of the time limits under the Act for bringing criminal defendants to trial. The court exercised that authority in this case in response to a pandemic that threatened the health and safety of millions of Illinois residents." *People v. Mayfield*, 2021 IL App (2d) 200603, ¶ 21, *aff'd*, 2023 IL 128092.

¶ 16    On June 30, 2021, the Illinois Supreme Court ordered that speedy trial time restrictions would no longer be tolled starting October 1, 2021:

"Beginning October 1, 2021, statutory time restrictions in section 103-5 of the Code *** shall no longer be tolled. All days on and following October 1, 2021, shall be included in speedy trial computations as contained in section 103-5 of the Code ***. Days prior to this Court's March 20, 2020, order in M.R. 30370 *** shall also be included in speedy trial

computations as required by the statutory time restrictions in section 103-5 of the Code ***." Ill. S. Ct., M.R. 30370 (eff. June 30, 2021).

¶ 17 Under these orders, the speedy trial term under the Code was tolled during the period of time from July 6, 2021, to September 21, 2021, and therefore cannot be attributed to the State. Since the delay attributable to the State was less than 120 days, defendant's statutory right to a speedy trial was not violated. See *People v. Cano*, 2023 IL App (1st) 211606-U ¶¶ 39-53 (the defendant's right to a speedy trial was not violated when his trial was postponed for more than 365 days pursuant to emergency orders issued by the Illinois Supreme Court and the chief judge of the circuit court of Cook County in response to the COVID-19 pandemic); *People v. Araiza*, 2022 IL App (1st) 210993-U ¶¶ 43-50 (the defendant's statutory right to a speedy trial was not violated when the Supreme Court issued an order allowing the court to continue the defendant's trial without attributing the delay to the State).

¶ 18 Significantly, defendant does not challenge the validity of the Illinois Supreme Court's COVID-19 orders, but rather he argues that those orders have no application here because the State's delay was caused by its need for additional time to locate a witness. Defendant contends that the orders do not exclude all continuances from speedy trial computations, only continuances relating to the COVID-19 pandemic. Defendant points to the orders' language that "[t]he continuances *occasioned by this Order* serve the ends of justice and outweigh the best interests of the public and defendants in a speedy trial," and that "[t]herefore, *such continuances* shall be excluded from speedy trial computations ***." (Emphasis added.) Ill. S. Ct., M.R. 30370 (eff. Apr. 7, 2020); *Id.* (eff. May, 20, 2020). Defendant argues that we should interpret this language to mean

that only continuances related to the COVID-19 pandemic outweigh defendants' interests in a speedy trial and are tolled under the Illinois Supreme Court's orders.

¶ 19     Defendant argues that this interpretation is bolstered by the fact that the Illinois Supreme Court later amended its April 7, 2020, order to clarify that "[t]his provision also applies when a trial is delayed when the court determines proper distancing and facilities limitations prevent the trial from proceeding safely. The judge in the case must find that such limitations necessitated the delay and shall make a record thereof." Ill. S. Ct., M.R. 30370 (eff. May, 20, 2020). Defendant contends that "[h]ad the speedy trial term been absolutely tolled, there would have been no need to outline this fact-specific scenario and require judges to make on-the-record findings with regard to Covid-related delays."

¶ 20     Despite the language defendant emphasizes, the Illinois Supreme Court clearly stated in its orders that "[s]tatutory time restrictions in section 103-5 of the Code *** shall be tolled until further order of this Court." Ill. S. Ct., M.R. 30370 (eff. May, 20, 2020). This statement was an absolute tolling of speedy trial time restrictions under the Code. The tolling was not conditioned on the State seeking a continuance due to complications related to the COVID-19 pandemic. Instead, the Illinois Supreme Court tolled speedy trial time restrictions unconditionally until October 1, 2021. Ill. S. Ct., M.R. 30370 (eff. June 30, 2021) ("Beginning October 1, 2021, statutory time restrictions in section 103-5 of the Code *** shall no longer be tolled."). Therefore, even though the State sought a continuance for additional time to locate a witness, the 77-day period of delay from July 6, 2021, to September 21, 2021, cannot be attributed to the State.

¶ 21     Defendant also argues that the 77-day period of delay should be attributed to the State because the State suggested that the circuit court do so. At the July 6, 2021, hearing, the State said

that "although the Supreme Court has tolled speedy trial, this courthouse and this Court itself has been doing bench trials and hearings for a while now," and so the State had "no problem" if the circuit court "deem[ed] it appropriate to continue the matter motion State and count that against the State." The circuit court later continued the case "motion State." However, the Illinois Supreme Court's orders tolled statutory speedy trial time restrictions absolutely, and so the circuit court had no authority to attribute the delay to the State under the Code, even at the State's invitation. See Ill. Const. 1970, art. VI, § 16 ("General administrative and supervisory authority over all courts is vested in the Supreme Court and shall be exercised by the Chief Justice in accordance with its rules."). As such, defendant's statutory right to a speedy trial was not violated, and defendant's ineffective assistance of counsel claim fails. *Staake*, 2017 IL 121755, ¶¶ 47-48.

¶ 22                                        III. CONCLUSION

¶ 23    The judgment of the circuit court of Cook County is affirmed.

¶ 24    Affirmed.