THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOHNNY T. JONES, Defendant-Appellee.

Fourth District   No. 15379

Opinion filed November 27, 1979.

MILLS, J., dissenting.

Thomas J. Difanis, State's Attorney, of Urbana (David A. Bailie, Assistant State's Attorney, and Marc D. Towler, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Thomas C. Hughes, Jr., of Champaign, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

An information was filed on June 6, 1978, in Champaign County, charging defendant with the offense of bribery. On December 6, 1978, after a hearing on defendant's motions, the charge was dismissed for failure to bring defendant to trial within 160 days of his demand for a speedy trial (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(b)). The State appeals from the dismissal of the charge pursuant to Supreme Court Rule 604(a)(1) (58 Ill. 2d R. 604(a)(1)).

The relevant facts are few. Defendant, who was present in court with counsel on June 27, 1978, requested a preliminary hearing and a reduction of bond. On the same day, defendant filed a written demand for a speedy trial with the clerk of the circuit court, as evidenced on the docket sheet and in the common law record.

The record establishes that defendant's demand for a speedy trial was neither made in open court, nor otherwise in the presence of the State's Attorney. A copy of the demand was not served on the State.

The single issue on appeal is whether constructive notice of the demand, as reflected in the common law record and on the docket sheet, is sufficient notice under the statute.

Section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(b)) provides in part:

"(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial * * *."

The statute does not provide that notice of the demand should be given to the State, but judicial interpretation of section 103—5(b) has resulted in "notice" becoming an integral part of the demand requirement. See *People v. Schoo* (1977), 55 Ill. App. 3d 163, 371 N.E.2d 86; *People v. O'Shea* (1975), 26 Ill. App. 3d 826, 326 N.E.2d 230; *People v. Rockett* (1967), 85 Ill. App. 2d 24, 228 N.E.2d 219.

The notice requirement in turn has led to judicial consideration of what constitutes sufficient notice under section 103—5(b). (*People v. Uryasz* (1975), 32 Ill. App. 3d 825, 336 N.E.2d 813 (State given adequate notice because written demand was part of common law record and copy was served on State); *Rockett* (demand must be communicated to State, "preferably by written notice, but certainly by a formal motion which is preserved in the record"); see *People v. Snyder* (1975), 32 Ill. App. 3d 1003, 337 N.E.2d 108 (oral demand for trial made during court hearing and preserved on docket sheet is adequate demand).) Until recently, however, the precise issue of whether the filing of the motion alone puts the State on notice, so as to constitute a demand within the meaning of section 103—5(b), had not been decided by an appellate court. Then, in *People v. Hamilton* (1978), 65 Ill. App. 3d 261, 381 N.E.2d 1168, the court

determined that the record properly did not reflect a demand for trial when the defendant only filed a written motion and did not serve demand on the State or otherwise bring the demand before the court and opposing counsel. The court imposed upon defendant the obligation to take some affirmative step to apprise the State that demand for trial was being made.

The fundamental nature of defendant's right to a speedy trial compels us to disagree with *Hamilton's* resolution of this issue. Section 103—5(b) was enacted so that a defendant out on bond could insure his constitutional right to a speedy trial, which is intended to avoid oppression and prevent delay. Under section 103—5(b), a defendant has the burden of demanding a trial, but once a demand has been made, the criminal justice system has the burden to provide a trial within 160 days. This defendant filed a written motion with the clerk of the circuit court, and the motion was indicated in the record. While serving a copy of the demand on the State is an advisable measure, and one that is not unduly burdensome, we cannot conclude that the demand made by defendant here was ineffective for lack of proper notice to the prosecution. In this case, the trial court granted the motion to dismiss and concluded as a matter of fact that the demand was filed and that a substantive right like that afforded by section 103—5(b) is not to be waived or avoided by the failure to make proof of service. The trial court also concluded that it was an obligation of counsel to periodically check the file and the docket sheet and be advised of and acquainted with the case. We cannot say that the trial court's determination that the State had constructive notice of the motion is against the manifest weight of the evidence, and we accordingly defer to that factual finding. The judgment of the circuit court is affirmed.

Judgment affirmed.

REARDON, P. J., concurs.

Mr. JUSTICE MILLS, dissenting:
Mr. Justice Blackmun has remarked that "It is much easier to write a biting dissent than a constructive majority opinion."

Such is certainly not my purpose here. I dissent merely because I view my brothers wrong in their conclusion and hope that I am able to articulate my thoughts with sufficient clarity.

Those reasons are primarily grounded in pragmatic considerations and a sense of fair play. There is no question whatever that a defendant under our system of justice has the constitutional right to a speedy trial. But he must *demand* it—*ask* for it. And when he does, how is the State to know that he has exercised this right?

Ours is still an adversary system with counsel on both sides of the

table. In every other aspect of our practice, civil or criminal (by constitution, statute, rule and custom), where demand, request, supplication, petition, appeal, solicitation, entreaty, or prayer is involved, NOTICE is required before *knowledge* of such relief sought is imputed. That notice may indeed take different forms—formal or informal—but at least it should be *actual* notice of some sort. A copy of the speedy trial demand was served directly on the State in *Uryasz*; a motion on the record and communicated to the State is adequate under *Rockett*; and an oral demand on the record, coupled with a docket entry, sufficed in *Snyder*.

But to hold that the mere filing of a written motion—with no notice of any kind conveyed to the adversary—goes much too far for me.

This would place an impossible burden on the State, particularly in busy, high-volume jurisdictions where different judges and prosecutors handle different stages of cases and criminal prosecutions. Can we imagine the chaos and havoc in the Circuit Court of Cook County if the majority's view prevails? In 1977 alone, 11,785 felony and 276,903 misdemeanor cases were processed through the criminal court in that jurisdiction. To place a burden upon the State to dig through and comb every case and docket to see if a demand for speedy trial has been filed (but not served on the prosecution) is both absurd and completely counterproductive to constitutionally mandated expeditious administration of justice.

The rule my colleagues here impose violates my notion of fair play and the public's right to have criminal prosecution resolved on the merits and not by the playing of procedural games. Can we sanction the filing of a motion, say nothing about it to the State, then retire to the weeds, wait for the time to toll and finally leap forward to claim the fruits of surreptitious practice?

Not I.

If it is reasonable to require a *demand* by the defendant to trigger his constitutional right to a speedy trial, then it is—by the same token—equally reasonable to require *notice* of that demand upon the State. It is both illogical and frightening to me to place upon the prosecution the horrendous requirement to paw through court files and minutely examine every docket sheet. Particularly since there is no uniformity throughout the State on the keeping of dockets, what they recite, who prepares them, their state of currency, etc. An impossible task, an untenable burden.

And all when the defendant is *free on bond!*

I agree with our sister court in *Hamilton*'s resolution of this issue that entry of the demand on the docket sheet and in the common law record is not sufficient notice that satisfies defendant's obligation under section 103—5(b).

The statutory right to a speedy trial was not intended to aid a defendant in avoiding charges; rather, the statute is a means by which a defendant may insure that he is granted a speedy trial. Neither serving a copy of the demand on the State, nor making a motion in court in the presence of the State's Attorney, is burdensome in our adversary practice. It is merely logical procedure and fair play.