(No. 52938.–

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JOHNNY T. JONES, Appellee.

*Opinion filed January 20, 1981.—Rehearing denied March 27, 1981.*

164

SIMON, J., took no part.

Tyrone C. Fahner and William J. Scott, Attorneys General, of Springfield, and Thomas J. Difanis, State's Attorney, of Urbana (Melbourne A. Noel, Jr., and M. Anita Donath, Assistant Attorneys General, of Chicago, and Gary J. Anderson, of the State's Attorneys Appellate Service Commission, of Springfield, of counsel), for the People.

Thomas C. Hughes, Jr., of Champaign, for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

A criminal information was filed on June 6, 1978, in the circuit court of Champaign County charging the defendant, Johnny T. Jones, with bribery (Ill. Rev. Stat. 1979, ch. 38, par. 33–1). The defendant was taken into custody, but on June 27 was released on bail. On that day he filed with the clerk of the court a demand for speedy trial. On December 6 the defendant filed a motion to dismiss the charge under section 114–1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 114–1) on the ground that he had not been brought to trial within 160 days from the date of his demand, as required by section 103–5(b) of the Code (Ill. Rev. Stat. 1979, ch. 38, par. 103–5(b)). The circuit court granted the motion and dismissed the information, and its judgment was affirmed by the appellate court, one judge dissenting (78 Ill. App. 3d 717). We granted the State's

petition for leave to appeal under Rule 315 (73 Ill. 2d R. 315).

The principal question on this appeal is whether the filing with the clerk of the demand for trial without giving the prosecution notice of the demand was sufficient to invoke the rights given by sections 103—5(d) and 114—1. This court has not heretofore considered the question.

The act of bribery with which the defendant was charged allegedly took place on June 2, when after his arrest for drunken driving he offered the arresting officer $40 not to take him to the police station. Following the filing of the information, an arrest warrant issued, and the defendant surrendered in court on June 22. His case was continued until June 27, and he was remanded to the custody of the sheriff in lieu of bond.

On June 27 an appearance on the defendant's behalf was filed by his retained counsel, who entered a plea of not guilty and filed a demand for trial by jury and for a preliminary hearing. In the hearing of June 27, at which the defendant and his counsel and the State's Attorney appeared, the court set the motion for a preliminary hearing for July 13. The defendant made bond and was released.

On June 27 the defendant also filed his "demand for speedy trial" with the clerk of the court. This document stated that the defendant was "requesting of this Honorable Court a demand for a speedy trial, pursuant to Ill. Rev. Stat. ch. 38, sec. 103—5." No request was made that trial be commenced on any specific date. Unlike the demand for a preliminary hearing, the demand for speedy trial contained no certificate of service upon the prosecutor, and the record fails to show that it was presented or referred to when the defendant and his counsel appeared in court that day.

The docket sheet shows that at the preliminary hearing held July 13, in which the court found that there was probable cause, the court set the case for a trial call on

September 1. The court also entered a pretrial discovery order to be complied with by the State within 10 days and by the defendant within 20 days.

What took place in the proceeding between July 13 and December 6 is not wholly clear. The record shows that a motion by the defendant for discovery was filed and notice served on July 26, and that the requested discovery was provided by the State the same day. On August 2 the defendant filed notice of a motion for supplemental discovery. The docket sheet contains an entry that on October 20 the cause was again designated for trial, this time on November 6, and that the court ordered the defendant to file all pretrial motions by October 26. A subsequent entry of November 22, however, shows an order that the parties file all motions by November 27.

On the latter date the defendant filed and served a second motion for supplemental discovery. It was identical to the one which had been filed on August 2. The last day of the 160-day period established by section 103–5(b) was December 3, three days before the defendant filed his motion to dismiss. At the hearing on the motion, the assistant State's Attorney in charge of the case stated that the State had not received a copy of the demand for speedy trial, and had not previously been aware of its existence. The State's Attorney, who had been present at the proceedings of June 27, testified that no motion for speedy trial, oral or written, had been made at that time. In response to a question by the court whether he had served a copy of the demand on the State's Attorney, counsel for the defendant replied that he did not recall having done so. We therefore view the case, as did both the circuit and the appellate court, as one in which the defendant's demand for speedy trial was not communicated to the prosecution.

Section 103–5(b) provides in part, "Every person on bail or recognizance shall be tried by the court having

jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant \*\*\*." (Ill. Rev. Stat. 1979, ch. 38, par. 103–5(b).) Where a person is in custody the time within which he must be tried (120 days) is measured from an extrinsic event, the act of taking him into custody. (Ill. Rev. Stat. 1979, ch. 38, par. 103–5(a).) In contrast, where the person is free on bail his statutory right comes into play only after he has invoked it by his affirmative act of demanding trial.

Although the statute contains no explicit requirement of notice, we consider that the term "demand" itself implies that the defendant's stated desire to be tried within 160 days must be conveyed to those persons who are in a position to fulfill that desire. The defendant argues that his demand was addressed to the court rather than to the prosecutor. But the prosecutor has the function of preparing for and commencing a trial, and a failure to notify the prosecutor, rather than accelerating the date of trial, is more likely to have the opposite effect. Indeed, a failure to notify the State, unless it is inadvertent, casts doubt upon the sincerity of the demand or shows a design to circumvent the prosecutor.

In other decisions the appellate court has recognized that a demand must be communicated to the State. In *People v. Rockett* (1967), 85 Ill. App. 2d 24, 28, the court expressed the opinion that section 103–5 "requires some affirmative act on the part of the accused, either in form of a written or an oral demand for trial, as reflected in the record in order to invoke the 120-day period," and, the court went on, "[s]uch demand must be communicated to the State, preferably by written notice, but certainly by a formal motion which is preserved in the record." In *People v. Snyder* (1975), 32 Ill. App. 3d 1003, the appellate court held sufficient an oral demand made in the course of a hearing in the circuit court at which the

assistant State's Attorney was present. In *People v. Arch* (1975), 33 Ill. App. 3d 331, the defendant's written motion demanding an early trial filed in the course of a preliminary hearing was held to be effective.

In *People v. Hamilton* (1978), 65 Ill. App. 3d 261, the defendant had filed a written demand for speedy trial in the clerk's office. The State was not notified of the demand at that time, and only became aware of it at a later date when the court mentioned the demand during arraignment proceedings. The appellate court held that the filing of the demand with the clerk did not constitute a demand for trial under section 103—5(b).

The appellate court here declined to follow *Hamilton* because of "[t]he fundamental nature of defendant's right to a speedy trial." (78 Ill. App. 3d 717, 719.) There can be no question but that the right to a speedy trial is a fundamental one, guaranteed as it is under both the sixth amendment and the due process clause of the Federal Constitution. (*Klopfer v. North Carolina* (1967), 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988.) It is also true that in some circumstances the Constitution may require dismissal of a charge even though no demand of any kind was made for a speedy trial. (*Barker v. Wingo* (1972), 407 U.S. 514, 528-30, 33 L. Ed. 2d 101, 115-16, 92 S. Ct. 2182, 2191-93.) Section 103—5(b) implements the constitutional right to a speedy trial, but the two are not coextensive. (*People v. Richards* (1980), 81 Ill. 2d 454, 459; *People v. Fosdick* (1967), 36 Ill. 2d 524, 528.) No constitutional claim is made in this case, and the question concerns only the extent of the defendant's rights under the statute.

Under section 103—5(b), as we have noted, the right to a speedy trial is both measured and created by a demand on the part of the defendant. To permit a defendant to invoke his statutory right to a speedy trial without notifying the prosecution would allow him to exploit the possibility that the State will unwittingly fail to bring him to trial within the prescribed period. We cannot say from the

record that such was the intent of the defendant here, but the decision of the appellate court would permit such a maneuver.

The appellate court also endorsed the circuit court's conclusion that it was the duty of the prosecution to ascertain by periodic inspection of the file and the docket sheet whether a demand had been made, and that the State must therefore be viewed as having had constructive notice of the demand. We disagree. As the dissent observes, under the constructive-notice theory the prosecutor would be required to monitor the files and docket sheets in criminal cases on almost a continuous basis. In circuits having a heavy criminal docket, such as Cook County, the burden thus imposed would impede the administration of justice.

The State also contends that dismissal of the charge was improper under section 103—5(b) because the defendant's failure to notify the State of his demand, and also his filing of a motion for supplemental discovery on November 27, 1978, occasioned delay. The ground on which we dispose of this case makes it unnecessary to consider that claim.

The defendant has filed a motion, which was taken with the case, to "strike and dismiss any and all statements made by the appellant in the appellant's brief not supported by the record as filed in this court." The defendant does not specify which statements are meant, and as our opinion is not based on any matter *dehors* the record the motion is denied.

For the reasons given the judgment of the appellate court affirming that of the circuit court is reversed, and the cause is remanded to the circuit court with directions to deny the defendant's motion to dismiss.

*Appellate court reversed;*
*cause remanded, with*
*directions.*

MR. JUSTICE SIMON took no part in the consideration or decision of this case.