THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. GEORGE DOTSON, Defendant-Appellee.

First District (1st Division) No. 84—0350

Opinion filed September 9, 1985.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Mary Pat Butler, and Mary E. Shields, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Bruce C. Landrum and James H. Reddy, Assistant Public Defenders, of counsel), for appellee.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

The State appeals from an order of the circuit court of Cook County discharging the defendant for want of prosecution on charges of theft and forgery. It contends that the trial court erred by ruling that section 103—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 103—5(a)) was applicable to defendant's case.

On May 26, 1982, the defendant was arrested and charged with felony theft and subsequently was released on bail. He failed to appear for trial, and his bond was forfeited. Thereafter, in June 1983, he was indicted for the same offense of theft and forgery.

It appears from the record that unknown to the State's Attorney the defendant was incarcerated in the Illinois Department of Corrections on an unrelated matter. On August 12, 1983, the defendant filed with the clerk of the circuit court a *pro se* demand for speedy trial pursuant to section 103—5 of the Code of Criminal Procedure of 1963. It was dated August 8, 1983. Thereafter, defendant wrote an undated letter to the clerk asking that the State's Attorney's office be contacted concerning his demand for trial. This letter was apparently forwarded to the State's Attorney in November 1983 without being time-stamped or filed by the clerk of the court. On December 8, 1983, the State's Attorney filed the defendant's letter along with a notice to set the cause for hearing.

When the cause came before the trial court, the defendant filed a petition for discharge alleging that more than 120 days had passed, without delay on his part, and he had not been brought to trial. A bystander's report indicates that in support of the petition it was argued

that his demand for trial filed with the clerk started the running of the speedy trial statutory period of 120 days. The State replied that section 3—8—10 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1003—8—10) was applicable to the instant case and that defendant had failed to comply with the notice provisions thereof to demand a speedy trial.

The trial court in granting defendant's motion ruled that the defendant was in custody in the Illinois Department of Corrections in an unrelated case and held that the clerk's office is an arm of the State. Therefore the court found that section 105—3(a) of the Code of Criminal Procedure of 1963 applied and the 120-day term started running on August 8, 1983, the date of defendant's demand for trial to the clerk of the circuit court.

The State contends that because the defendant had not only been released on bail in the instant case, and was also not in custody on the offense charged at the time the demand for trial was filed, the 120-day provision of the Speedy Trial Act does not apply. We agree.

The right of a defendant to a speedy trial is set forth in section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 103—5), which provides in part as follows:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, by an examination for competency ordered pursuant to Section 104—2 of this Act, by a competency hearing, by an adjudication of incompetency for trial, by a continuance allowed pursuant to Section 114—4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an interlocutory appeal.

(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant, by an examination for competency ordered pursuant to section 104—2 of this Act, by a competency hearing, by an adjudication of incompetency for trial, by a continuance allowed pursuant to Section 114—4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an interlocutory appeal."

In order to be discharged under the 120-day rule, defendant must have been in custody in connection with the charge for which he is to be tried. (*People v. Adams* (1982), 106 Ill. App. 3d 467, 435 N.E.2d 1203.) When a defendant is released on bail or recognizance, the 160-

day rule for discharge becomes applicable after the defendant makes a demand for trial. *People v. Sibley* (1976), 41 Ill. App. 3d 616, 354 N.E.2d 442.

In addition, the Intrastate Detainer Act set forth in the Unified Code of Corrections makes the provisions of section 103—5(b) applicable to some defendants who are incarcerated in the Illinois Department of Corrections and have untried complaints, charges or indictments pending in this State. (Ill. Rev. Stat. 1981, ch. 38, par. 1003—8—10.) That act provides in part as follows:

> "Except for persons sentenced to death, subsection (b), (c) and (e) of Section 103—5 of the Code of Criminal Procedure of 1963 shall also apply to persons committed to any institution or facility or program of the Illinois Department of Corrections who have untried complaints, charges or indictments pending in any county of this State, and such person shall include in the demand under subsection (b), a statement of the place of present commitment, the term, and length of the remaining term, the charges pending against him to be tried and the county of said charges and the demand shall be addressed to the state's attorney of the county where he is charged with a copy to the clerk of that court and a copy to the chief administrative officer of the Department of Corrections institution or facility to which he is committed. The state's attorney shall then procure the presence of said defendant for trial in his county by writ of habeas corpus."

In *People v. Lykes* (1984), 124 Ill. App. 3d 604, 464 N.E.2d 849, the appellate court distinguished between incarceration for the offense charged under section 103—5(a) as opposed to incarceration in the Illinois Department of Corrections. There, it was held that when a defendant is incarcerated in the Illinois Department of Corrections, his right to a speedy trial must be considered under section 103—5(b) in conjunction with the Intrastate Detainer Act. We therefore hold that the 120-day speedy-trial provision in section 103—5(a) is not applicable to the instant case.

We note that the bystander's report indicates the trial court ruled that the office of the clerk of the circuit court was an arm of the State, and that the speedy-trial term was activated by the filing of defendant's demand for trial there. We disagree. Under the provisions of the Intrastate Detainer Act it is required that the defendant herein address his demand for trial to the State's Attorney of Cook County, with a copy thereof to the clerk of the circuit court of Cook County, and a copy to the chief administrative officer of the institution or fa-

cility in which he was committed.

Our view is buttressed by *People v. Jones* (1981), 84 Ill. 2d 162, 417 N.E.2d 1301. There our supreme court considered the issue of filing demands with the clerk of the court and cited the appellate court decision of *People v. Hamilton* (1978), 65 Ill. App. 3d 261, 381 N.E.2d 1168, which held that the filing of the demand with the clerk did not constitute a demand for trial under section 103—5(b). In *Jones* it was held that "[t]o permit a defendant to invoke his statutory right to a speedy trial without notifying the prosecution would allow him to exploit the possibility that the State will unwittingly fail to bring him to trial within the prescribed period. *** Under the constructive-notice theory the prosecutor would be required to monitor the files and docket sheets in criminal cases on almost a continuous basis. In circuits having a heavy criminal docket, such as Cook County, the burden thus imposed would impede the administration of justice." (84 Ill. 2d 162, 168-69.) We therefore hold that the ruling of the trial court in the present case was erroneous.

■ The State also contends that the trial court erred in finding that the demand for trial became effective at the time it was dated and presumably mailed to the clerk's office. We agree that defendant's demand did not become effective until sometime in November 1983, when it appears the clerk of the court notified the State's Attorney's office of defendant's demand. The cause came on for trial on January 17, 1984, and was continued by order of court to January 24, 1984, well within the 160-day period for speedy trial under section 3—8—10 of the Unified Code of Corrections and 103—5(b) of the Code of Criminal Procedure of 1963.

For the reasons given the judgment of the circuit court of Cook County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

McGLOON and O'CONNOR, JJ., concur.