Docket No. 106496.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

---

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JOSE J. SANDOVAL, Appellee.

*Opinion filed January 22, 2010.*

JUSTICE KARMEIER delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Freeman, Thomas, Kilbride, Garman, and Burke concurred in the judgment and opinion.

## OPINION

Defendant, Jose J. Sandoval, was charged in the Du Page County circuit court under two separate case numbers with multiple traffic offenses arising out of three separate traffic stops. The charges included three counts of driving under the influence of alcohol (DUI). After he was incarcerated in the Illinois Department of Corrections (DOC) for a Cook County DUI, defendant filed a form document entitled "Demand for Speedy Trial and/or Quash Warrant," citing section 103–5(b) of the Code of Criminal Procedure of 1963 (725 ILCS 5/103–5(b) (West 2004)) and section 3–8–10 of the Unified Code of Corrections (the Code) (730 ILCS 5/3–8–10 (West 2004)), and noting as charge pending, "Du Page County D.U.I." Defendant did not specify the case to which the demand was intended to apply.

When defendant was not brought to trial on any charge within 160 days thereafter, defendant filed a motion to dismiss in one of the pending cases. After gaining dismissal of those charges, he filed a second motion to dismiss in the other case, succeeding in having those charges dismissed as well. The State appealed. The appellate court, with one justice dissenting, affirmed the dismissal of all DUI charges, but reversed as to non-DUI charges arising from the same incidents. 381 Ill. App. 3d 142. We reverse the appellate court as to the dismissal of the DUI charges, and otherwise affirm.

## BACKGROUND

On June 14, 2003, defendant was arrested in Du Page County and charged by uniform traffic citations with separate violations of the DUI statute (625 ILCS 5/11–501(a)(2) (West 2002); 625 ILCS 5/11–501(a)(1) (West 2002)), driving while license revoked (625 ILCS 5/6–303 (West 2002)), and improper lane usage (625 ILCS 5/11–709 (West 2002)). Defendant ultimately posted a $300 cash bond and signed a bail bond form directing him to appear to answer charges on July 11, 2003. Defendant failed to appear on the appointed date, his bond was ordered forfeited, and a bench warrant was issued. On July 15, 2003, a notice of forfeiture was generated by the circuit clerk and mailed to the address defendant had supplied on his bail bond. The notice of forfeiture bore Du Page County case No. 03–DT–2937. A subsequent notice of forfeiture–bearing the same case number–was sent to that address on June 21, 2005.

On December 27, 2004, a five-count criminal complaint was filed in the circuit court of Du Page County, under case No. 04–CF–3607, charging defendant with multiple traffic offenses arising from two separate traffic stops: one on March 25, 2004; the other on December 16, 2004. It was alleged that defendant, on the first date, committed the offenses of aggravated driving under the influence of alcohol (625 ILCS 5/11–501(d)(1)(A) (West 2004)) and obstructing justice (720 ILCS 5/31–4(a) (West 2004)). On the latter date, defendant allegedly committed three traffic violations: improper lane usage (625 ILCS 5/11–709 (West 2004)), failure to signal (625 ILCS 5/11–804 (West 2004)), and driving while license revoked (625 ILCS 5/6–303(a) (West 2004)). On February 3, 2005, indictments were filed under case Nos. 04–CF–3607–01, 04–CF–3607–02, and 04–CF–3607–06,

charging defendant with obstructing justice and two counts of felony DUI (625 ILCS 5/11–501(a)(2), (c–1)(1) (West 2004)). The separate indictments superseded counts I and II of the complaint.

On October 3, 2005, defendant mailed to the State's Attorney in Du Page County, and to the Du Page County circuit clerk, *pro se* form documents entitled "Motion to Dismiss" and "Demand for Speedy Trial and/or Quash Warrant." The documents in the circuit court's file are file stamped October 20, 2005, and the circuit clerk generated a responsive letter acknowledging receipt and filing of both documents as of that date. The motion to dismiss–which was ineffectual at that point, as it was filed contemporaneously with a demand intended to commence the speedy-trial term–bore no case number at all. In the caption of the demand, in a space designated "Case No. ___," defendant had written "WO5A48844"–the relevance of which is not clear. In different handwriting, in the margins of both documents in *the circuit clerk's* file, someone wrote "04 CF 3607." The record suggests that someone in the clerk's office wrote that case number on the documents the clerk received. However, there is no indication in the record that the documents mailed to the State's Attorney bore any identifiable case number, other than the one defendant assigned to the demand: "WO5A48844."

In his October 3, 2005, motion to dismiss–the first of three defendant ultimately filed–defendant referenced his accompanying "Demand for Speedy Trial and/or Quash Warrant pursuant to 725 ILCS 5/103–5 (2001)," acknowledging that he filed *that* document on October 3, 2005. Defendant moved to "dismiss the following charges: D.U.I.," averring that 160 days had elapsed "since Petitioner's Demand For A Speedy Trial And/Or Quash Warrant was filed." Obviously, *no* time had passed as the documents were filed contemporaneously.

In his "Demand for Speedy Trial and/or Quash Warrant" defendant invoked both section 103–5(b) of the speedy-trial statute (725 ILCS 5/103–5(b) (West 2004)) and section 3–8–10 of the Code (730 ILCS 5/3–8–10 (West 2004)). In the spaces provided, defendant indicated that he was incarcerated at Lawrence Correctional Center, that he had been convicted of a DUI in Cook County on June 15, 2005, and that he had been sentenced to five years' incarceration thereon. According to defendant, he had 2½ years remaining to serve

-3-

on that sentence. Under a section addressing "charges *** pending against Defendant in your county," defendant wrote "DuPage County D.U.I." Finally, defendant demanded that the State's Attorney of Du Page County bring him to trial "on the above stated charge(s) within 160 days as allowed by law." As noted, defendant filled in a blank for the case number with the numerical/letter combination: "WO5A48844."

The record indicates that the circuit clerk of Du Page County, subsequent to the first acknowledgment of filing on October 20, 2005, generated a second acknowledgment, under the same case number, to reflect the filing of defendant's second motion to dismiss on May 19, 2006. That motion is similar to the one defendant had previously filed with the exception that "Case No. 04 CF 3607" is written in the caption, apparently in defendant's hand, and defendant does not indicate what charges he is moving to dismiss.

On August 9, 2006, counsel appeared for defendant in case No. 04–CF–3607, submitted a supporting memorandum, and moved to dismiss the charges, arguing that defendant was not brought to trial within the time required by the speedy-trial statute. In his memorandum, defendant alleged that an assistant State's Attorney had "admitted in argument before [the court] that the State was not disputing that the Notice and Demand most likely were received by 'some secretary' at the DuPage County State's Attorney's Office in October of 2005." According to defendant, the State's "chief disputation" with regard to defendant's filing was that it did not include a correct case number in the caption of the pleading, and that the omission constituted a violation of Rule 30.06 of the Eighteenth Judicial Circuit. 18th Jud. Cir. Ct. R. 30.06(b) (eff. July 15, 2003).

The circuit court granted defendant's motion. With respect to the applicability of the circuit court rule, the court referenced an apparent concession by the State that it had received notice of a demand some time in October of 2005. Based upon that concession, the court found that the requirements of the local rule were met, assuming, *arguendo*, that they were enforceable at all, insofar as the State had "actual notice and the interest of justice requires recognition of the demand." The court identified the critical issue to be whether the demand was in proper form. In that regard, the court acknowledged that defendant had multiple DUIs pending, but rejected the State's argument that

defendant's demand was insufficient for lack of a case number. The court excused the lack of specificity in defendant's demand with the following observations:

> "It is entirely possible that the defendant imprisoned will not have the information regarding a case number assigned his case. He only knows he has been arrested previously on charges, and they are still pending."

The circuit court expressed its view as to the State's obligation in the matter:

> "Once the State receives a demand for speedy trial, it is a simple matter to put the defendant's name into our DUCT system and retrieve his pending cases; it should take less than a minute. If such a search reveals more than one pending case, the defendant should be immediately written in to determine whether he is demanding trial on those cases and if he is, which case the State elects to proceed on."

Concluding that the defendant's demand was in proper form, the circuit court granted defendant's motion to dismiss in case No. 04–CF–3607.

Having succeeded in gaining dismissal of the charges in case No. 04–CF–3607, defendant, on September 1, 2006, filed a motion to dismiss in case No. 03–DT–2937. He attached thereto, as an exhibit, the demand he had mailed on October 3, 2005, the demand that he had designated as pertinent to "Case No. WO5A48844," the demand upon which someone else had written "04 CF 3607." A hearing was held on September 29, 2006, during which defense counsel noted, *inter alia*, a different judge's ruling in case No. 04–CF–3607, "the other case that [defendant] intended this demand to apply to." The prosecutor objected to the relevancy of the ruling in that case and to defense counsel's reference to what defendant intended:

> "I think defense counsel's words are poignant. She said what he intended. I think the point is no one knows what the Defendant intends unless he clearly places that on the speedy trial demand. *** State statute requires as well as case law supports clear and unequivocal demand. That's not what we have here."

The circuit court disagreed, stating: "I think the Defendant in this case did, in fact, comply with the statute and effectively asserted his right to a speedy trial demand and based upon that the Court will dismiss this case."

The State separately appealed in both cases, and the appellate court consolidated the appeals for disposition. As noted, the appellate court, with one justice dissenting, affirmed the dismissal of all DUI charges, but reversed as to non-DUI charges arising from the same incidents. 381 Ill. App. 3d 142. The appellate majority concluded that defendant's reference to a "DuPage County DUI" was, under the circumstances, a sufficient speedy-trial demand for purposes of all pending DUI charges in that county, and determined that defendant's demand was not invalid for failing to comply with the local rule's requirements. 381 Ill. App. 3d 148-52. The dissent rejected the majority's view that "a demand identifying an unspecified and single 'Du Page DUI' was sufficient under section 3–8–10 to demand speedy trial for multiple DUI charges in multiple cases," suggesting that such a result relieved the defendant of his burden of making a clear and unequivocal speedy-trial demand. 381 Ill. App. 3d at 154 (McLaren, J., dissenting).


ANALYSIS

Given our disposition, as will be made clear hereafter, we find it unnecessary to discuss the enforceability of Rule 30.06 of the Eighteenth Judicial Circuit. 18th Jud. Cir. Ct. R. 30.06(b) (eff. July 15, 2003). Our discussion will focus primarily upon the requirements of section 3–8–10 of the Code. As we are concerned here with the construction of a statute, and there are no controverted facts, our review is *de novo*. *People v. Van Schoyck*, 232 Ill. 2d 330, 335 (2009); *People v. Wooddell*, 219 Ill. 2d 166, 171 (2006).

With respect to speedy-trial statutes, the legislature has seen fit to provide different time periods and demand requirements for offenders who are differently situated. *People v. Staten*, 159 Ill. 2d 419, 424, 430 (1994). We assume that differentiation is the result of reasoned consideration and is not without consequence. Generally, section 103–5(b) of the speedy-trial statute provides that "[e]very person on bail or recognizance shall be tried by the court having jurisdiction

within 160 days from the date defendant demands trial unless delay is occasioned by the defendant." 725 ILCS 5/103–5(b) (West 2004). However, we are concerned here with the *additional* demand requirements of section 3–8–10 of the Code, which applies to those, like defendant, who have been committed to a DOC facility and who have charges pending in any county. Section 3–8–10 provides:

> "[The person demanding speedy trial] shall include in the demand under subsection (b) [of section 103–5], a statement of the place of present commitment, the term, and length of the remaining term, the charges pending against him or her to be tried and the county of the charges, and the demand shall be addressed to the state's attorney of the county where he or she is charged with a copy to the clerk of that court and a copy to the chief administrative officer of the Department of Corrections institution or facility to which he or she is committed." 730 ILCS 5/3–8–10 (West 2004).

As this court observed in *Staten*, although our "cases subscribe to the principle that speedy-trial statutes implement constitutional rights and are to be liberally construed," as a threshold inquiry, we must always consider whether a demand, or attempted demand, is sufficient to start the running of the 160-day time period set forth in section 3–8–10. *Staten*, 159 Ill. 2d at 427.

This court has repeatedly recognized that " 'defendants *** serving prison terms for existing convictions at the time they face trial on additional charges *** do not suffer a loss of liberty while awaiting trial on the pending charges.' " *Wooddell*, 219 Ill. 2d at 175, quoting *Staten*, 159 Ill. 2d at 428. The legislature has chosen to impose additional demand requirements on those individuals not applicable to others. In *Staten*, this court rejected the notion that the additional conditions imposed by the legislature in section 3–8–10 are "meaningless" or mere technicalities, finding that the information required was properly mandated "for the administrative convenience of the State" and that the legislature intended to place the burden of compliance on the demanding defendant who, as noted, is already incarcerated and thus suffers no additional loss of liberty. *Staten*, 159 Ill. 2d at 428. In *Staten*, this court insisted that a demand under section 3–8–10 be unambiguous. *Staten*, 159 Ill. 2d at 428-29 (citing,

approvingly, appellate court cases that put the demand burden upon the defendant and require a "clear and unequivocal" demand).

As this court observed in *Staten*:

> "[A] defendant who claims a violation of a speedy-trial right cannot prevail if the demand for trial fails to comply with the terms of the governing speedy-trial provision. To treat the informational requirements of section 3–8–10 as surplusage would be to infringe on the legislative prerogative to set reasonable conditions on an incarcerated defendant's right to receive a trial within 160 days of the demand." *Staten*, 159 Ill. 2d at 429-30.

We note, too, though they are not coextensive, Illinois' speedy-trial statutes implement a defendant's constitutional right to speedy trial. *People v. Gooden*, 189 Ill. 2d 209, 216-17 (2000). As we observed in *People v. Crane*, 195 Ill. 2d 42, 47 (2001), in the context of the balancing analysis pertinent to the *constitutional* right to speedy trial:

> "Because of the seriousness of the remedy–'a defendant who may be guilty of a serious crime will go free, without having been tried'–the right to a speedy trial should always be in balance, and not inconsistent, with the rights of public justice." *Crane*, 195 Ill. 2d at 47, quoting in part *Barker v. Wingo*, 407 U.S. 514, 522, 33 L. Ed. 2d 101, 112, 92 S. Ct. 2182, 2188 (1972).

The balancing inherent in our speedy-trial statute is the prerogative of the legislature.

Taking into account the pertinent statutes, authorities, and principles, it is our opinion, given the facts of this case, that the circuit court has reversed the burden of compliance with statutory conditions the legislature intended for the "administrative convenience of the State," placing the burden instead on the very party for whose benefit those conditions were enacted. We see the result here as inconsistent with the rights of public justice.

It is not unreasonable to require that defendants demanding a speedy trial under the provisions of section 3–8–10 specify the charges to which their demands pertain. That is not to say that case numbers are necessarily required in the demand; however, if they are

not included, other adequate indicia of identification must be provided, such as the name of the charge and the date upon which the offense was allegedly committed. It is not enough to say "Du Page County DUI" if a defendant has 10 such charges pending–or even three in two different cases. The deficiency here is compounded by defendant's provision of a case number ("WO5A48844") that had nothing to do with either case, and appears to have initially led the circuit clerk to believe the demand might relate to a municipal prosecution. In any event, such laxity is inconsistent with the additional burden the legislature has seen fit to place upon those already incarcerated for other offenses, those who suffer no additional loss of liberty because of the pending charges. It is also inconsistent with the implementation of statutory conditions enacted for the administrative benefit of the State to require the State to track down defendant's pending cases or writ him into court to figure out what he means.

It is particularly problematic for this defendant to argue that he was unaware of his case number, or other identifying indicia, for the two DUIs charged in Du Page County case No. 03–DT–2937, because, when he failed to appear to answer charges in that case on July 15, 2003, he was mailed a notice of forfeiture bearing that very case number. We believe routine documentation served on or mailed to defendants in similar circumstances, *i.e.*, charging instruments, notices, and warrants, will adequately apprise defendants of the information they need to comply with section 3–8–10. If they are not in possession of such documents, how do they know they *have* charges pending? However, even if that is not the case, we are not aware of, nor have we been apprised of any, practical impediments that would prevent an incarcerated defendant from ascertaining, through communication with the circuit clerk, relevant information identifying his pending charges with specificity.

In passing, we note that there may be instances where the application of a too liberal construction to a general, haphazard demand might actually work to a defendant's disadvantage and thwart his intention. There may be valid strategic reasons why a defendant might not want a speedy trial on all his pending cases: witnesses may become unavailable with the passage of time; their memories fade; for

purposes of sentencing, the sequence of convictions might have significant consequences.

In any event, we find that *this* defendant's demand was insufficient, under the provisions of section 3–8–10, to commence the running of the speedy-trial term. We express no opinion regarding the enforceability of Rule 30.06 of the Eighteenth Judicial Circuit. Consequently, we reverse the judgment of the circuit court of Du Page County, and we reverse that portion of the appellate court's judgment that upholds the dismissal of DUI charges against this defendant.

*Appellate court judgment affirmed*
*in part and reversed in part;*
*circuit court judgment reversed.*