Filed 10/6/10          NO. 4-10-0016

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,   )   Appeal from
          Plaintiff-Appellant,         )   Circuit Court of
          v.                           )   Vermilion County
RICKY A. MULLINS,                      )   No. 08CF638
          Defendant-Appellee.          )
                                       )   Honorable
                                       )   Craig H. DeArmond,
                                       )   Judge Presiding.
_____

          JUSTICE KNECHT delivered the opinion of the court:

          In October 2008, the State charged defendant, Ricky A.

Mullins, in case No. 08-CF-638 with possession of a controlled

substance (720 ILCS 570/402(a)(2)(A) (West 2008)) and possession

of a controlled substance with intent to deliver (720 ILCS

570/401(a)(2)(A) (West 2008)).  In December 2009, the trial court

granted his motion to dismiss because the State violated his

right to a speedy trial under section 103-5(b) of the Code of

Criminal Procedure of 1963 (Speedy-Trial Act) (725 ILCS 5/103-

5(b) (West 2008)) and section 3-8-10 of the Unified Code of

Corrections (Intrastate Detainers statute) (730 ILCS 5/3-8-10

(West 2008)).  The State appeals, arguing defendant (1) failed to

notify the State about his demand for trial and (2) did not

comply with the requirements of the Intrastate Detainers statute.

We affirm.

I. BACKGROUND

On October 24, 2008, the Vemilion County State's Attorney's office filed an information in case No. 08-CF-638 charging defendant with one count of possession of a controlled substance and one count of possession of a controlled substance with intent to deliver. On October 27, 2008, the trial court issued an arrest warrant for defendant in case No. 08-CF-638. At some point prior to March 4, 2009, defendant was incarcerated in Graham Correctional Center on an unrelated offense.

On March 4, 2009, defendant filed a handwritten "Motion for Speedy Trial" on the Vermilion County charges with the circuit clerk of Vermilion County. On March 9, 2009, defendant pro se filed two additional documents containing boilerplate language with the circuit clerk. The first document was titled "Demand for Speedy Trial and/or to Quash Warrant." This document referenced defendant's right to a speedy trial under the Intrastate Detainers statute (730 ILCS 5/3-8-10 (West 2008)), the Speedy-Trial Act (725 ILCS 5/103-5 (West 2008)), and article I, section 8, of the Illinois Constitution (Ill. Const. 1970, art. I, §8). The document also contained blank spaces where defendant entered the following information by hand: his name, his inmate number, the name of the warden at his correctional facility, the length of his current sentence, his release date, and his date of birth. Defendant also wrote he was demanding speedy trial for charges against him in Vermilion County. However, defendant

incorrectly entered his case number as "08-CF 634." Finally, at the bottom of the document, defendant described the charges against him as "Possession With Intent To Deliver possession."

The second document was titled "Notice of Filing" and it contained information describing where defendant sent his demand for speedy trial. Here, defendant correctly entered his name and the Vermilion County case number in the header of the form. In the body of the document, defendant wrote he mailed the original and one copy of his demand for speedy trial to the Vermilion County circuit clerk. However, defendant did not include an address for the circuit clerk. Defendant also wrote he sent one copy of the demand for speedy trial to the Vermilion County State's Attorney and the warden of the Graham Correctional Center. Again, defendant did not write an address for the State's Attorney's office. An address for the warden was included in this section, but it was a typed address that appeared to be a part of the form. The final section of the document was labeled "Affidavit of Service," and it contained a pledge stating the demand for speedy trial had been mailed to the parties named in the body of the document. Defendant entered the correct information in this section and signed and dated the form.

On March 9, 2009, the circuit clerk forwarded defendant's demand for speedy trial to the trial court. On March 12, 2009, the court directed the circuit clerk to send a copy of

- 3 -

defendant's demand to the State's Attorney's office, which the circuit clerk forwarded on March 13, 2009. The record does not show if the State ever received any copies of defendant's demand for speedy trial.

In June 2009, defendant filed a petition for status report. In August 2009, the trial judge set the case for a status hearing with instructions to the State to writ the defendant back to the court. In September 2009, the court held the status hearing. Randall Brinegar, the State's Attorney for Vermilion County, appeared for the State. Defendant was arraigned, the public defender was appointed, and the case was set for preliminary hearing. Defendant then had the following conversation with the court,

"DEFENDANT: Can I ask a question, though?

THE COURT: Yes, sir.

DEFENDANT: By me filing a motion for speedy trial it's been over 200 days.

THE COURT: You know what. I don't doubt for one minute that [the public defender] is going to be raising that between now and the time of the preliminary hearing. That's something that's going to have to be addressed."

Defendant was taken into custody.

On October 1, 2009, the trial court called the case for preliminary hearing. Assistant State's Attorney Kavita Uppal appeared for the State and made a motion to continue the case. After a brief conversation, the court stated, "[Defendant] has a speedy[-]trial demand on file back in March. So the State's motion to continue this, so there's no confusion on the record, will be allowed over [defendant's] strenuous objection." The court granted the State's motion and reset the preliminary hearing date. On October 5, 2009, defendant pro se filed a handwritten motion to dismiss based on the violation of his right to a speedy trial.

On October 8, 2009, the trial court held the preliminary hearing and found probable cause. On the same day, the public defender filed a "Motion for Discharge." This motion requested the court dismiss the charges against defendant because defendant had not been brought to trial within the statutory time period.

On October 19, 2008, the trial court held a hearing on the motion for discharge. At the hearing, the State argued it never received defendant's demand for speedy trial. The trial court noted the docket stated the circuit clerk had forwarded the State a copy of defendant's demand for speedy trial in March. A brief conversation ensued and the trial court granted the State

additional time to brief issues related to the motion for discharge.

On December 29, 2009, the trial court filed an order granting defendant's motion. The order stated, in part:

"Here, the [d]efendant properly complied with the requirements of [s]ection 3-8-10. Although the State contends [it] did not initially receive the [d]emand when it was filed on March 12, it is clear [it] received one the following day, according to the docket. The demand was directed to the State's Attorney's [o]ffice as required, and contained all necessary information. Even though they maintain they received no copies before August 28, the docket is the official record upon which this [c]ourt is to rely. In addition, the [d]efendant's pleadings included a Notice of Filing which stated, under oath, that the [d]efendant mailed copies to both the [c]lerk's [o]ffice and the State's Attorney's [o]ffice on March 4, 2009.

The [d]efendant's 160 days therefore began to run on March 13, 2009. He was not brought to court until September 21, 2009,

192 days after his demand. *** More than 160 days have passed since his demand, the [d]efendant is entitled to discharge and the case is hereby dismissed."

This appeal followed.

## II. ANALYSIS

The State argues it did not violate defendant's right to a speedy trial because defendant (1) failed to notify the State about his demand for trial and (2) did not comply with the requirements of the Intrastate Detainers statute. We address each of these contentions in turn.

### A. Standard of Review

When the facts of a case are not in dispute, the issue is a question of law and review is de novo. People v. Bannister, 232 Ill. 2d 52, 66, 902 N.E.2d 571, 581 (2008).

### B. Sufficient Notice

The State first argues defendant did not assert his right to a speedy trial because the State never received his demand. The office of the State Appellate Defender (OSAD) counters defendant invoked his right to a speedy trial when he complied with the requirements of the Intrastate Detainers statute. We agree with OSAD.

A defendant in custody on unrelated charges can only assert his right to a speedy trial if he files his demand accord-

ing to the requirements found in the Intrastate Detainers statute. People v. Wooddell, 219 Ill. 2d 166, 175, 847 N.E.2d 117, 122 (2006). According to the Intrastate Detainers statute, a demand for speedy trial requires:

> "a statement of the place of present commitment, the term, and length of the remaining term, the charges pending against him or her to be tried and the county of the charges, and the demand shall be addressed to the [S]tate's [A]ttorney of the county where he or she is charged with a copy to the clerk of that court and a copy to the chief administrative officer of the Department of Corrections institution or facility to which he or she is committed." 730 ILCS 5/3-8-10 (West 2008).

As a threshold matter, we examine whether defendant complied with the requirements of the Intrastate Detainers statute. In March 2009, defendant forwarded two documents to the circuit clerk of Vermilion County. The first document was titled "Demand for Speedy Trial and/or to Quash Warrant." This document contained boilerplate language designed to meet the requirements of the Intrastate Detainers statute. On this document, defendant wrote that his demand for speedy trial was based on charges in

Vermilion County. He also indicated he was serving a 2 1/2-year sentence at Graham Correctional Center. He noted that he was scheduled for release on September 9, 2009. Finally, he described the charges against him as "Possession with intent to deliver possession." This information, by itself, was sufficient to satisfy the requirements of the Intrastate Detainers statute.

The second document was titled "Notice of Filing" and it was designed to prove defendant had complied with the service-by-mail requirements found in the Illinois Supreme Court rules. According to Illinois Supreme Court Rule 12(b)(3) (145 Ill. 2d R. 12(b)(3)), service by mail is proved when the person who mailed the document signs an "affidavit *** stating the time and place of mailing, the complete address which appeared on the envelope, and the fact that proper postage was prepaid." Here, the "Notice of Filing" document stated defendant mailed the original and one copy of his demand for speedy trial to the Vermilion County circuit clerk. The document also stated defendant mailed one copy to the Vermilion County State's Attorney and the warden at Graham Correctional Center. At the bottom of the document, in the section labeled "Affidavit of Service," defendant, being duly sworn, stated he placed each demand for speedy trial into a sealed envelope and placed the envelope in the outgoing mail at Graham Correctional Center. Based on these facts, we find defendant complied with the requirements for service by mail.

- 9 -

In support of this finding, we also note the trial court's docket entry showed the circuit clerk forwarded a copy of defendant's demand to the State. Under Illinois law, the court docket entries are presumed to be correct. People v. Brooks, 158 Ill. 2d 260, 274, 633 N.E.2d 692, 698 (1994). Therefore, assuming arguendo defendant did not technically satisfy his obligation to notify the State, the circuit clerk's action would have compensated for any theoretical shortcoming. We conclude the court's docket entry adds support to our finding defendant satisfied the notice requirements of the Intrastate Detainers statute.

### 1. Lack of Mailing Address on Form

The State argues defendant's attempt at notice was ineffective because he did not provide a proper mailing address for the State's Attorney on his "Notice of Filing." We are not persuaded. Defendant's "Notice of Filing" showed he addressed his demand for speedy trial to the "State's Attorney [of] Vermilion County" and the "Circuit Clerk [of] Vermilion County." On this form, defendant did not include any city, road, or building number under the Vermilion County State's Attorney or the Vermilion County circuit clerk. Despite this lack of information, defendant's demand for speedy trial and his "Notice of Filing" arrived at the circuit clerk's office in a timely fashion. Therefore, defendant addressed the envelope sufficiently to allow

delivery to the circuit clerk.  We conclude the trial court could reasonably infer defendant's addressing an envelope to the State's Attorney in a similar fashion would be sufficient to ensure delivery.  Further, as we previously stated, the circuit clerk's action of forwarding defendant's demand for speedy trial cured any theoretical errors by defendant on this issue.

## 2. Receipt of Demand by State

The State next argues defendant's right to a speedy trial was not violated because the State never received defendant's demand.  We are not persuaded.  The clear purpose of the Intrastate Detainers statute was to allow for service by mail. This court has previously stated service by mail cannot be "'frustrated by the mere allegation of the [appellant] that he did not receive it.'"  In re Marriage of Betts, 159 Ill. App. 3d 327, 332, 511 N.E.2d 732, 735 (1987), quoting Bernier v. Schaefer, 11 Ill. 2d 525, 529, 144 N.E.2d 577, 579 (1957). Assuming arguendo defendant was untruthful when he claimed that he forwarded his demand for speedy trial to the State's Attorney, the trial court's docket entry showing the circuit clerk forwarded defendant's demand for speedy trial reinforces our belief proper steps were taken to notify the State.

We also note in passing, the State relied on two cases, People v. Jones, 84 Ill. 2d 162, 417 N.E.2d 1301 (1981), and People v. Dotson, 136 Ill. App. 3d 356, 483 N.E.2d 577 (1985), to

- 11 -

support its claim that a demand for speedy trial was not effective until the State received notice. The State argues both cases support its position because the State did not receive notification about the initial demand for speedy trial in either case. We disagree with the State's interpretation of those cases. In both of those cases, the defendant gave the initial demand for speedy trial to the circuit clerk, without attempting to notify the prosecutor. See Jones, 84 Ill. 2d at 165-66, 417 N.E.2d at 1303-04; see also Dotson, 136 Ill. App. 3d at 357, 483 N.E.2d at 578. Further, in both cases, the State did not become aware of defendant's demand for speedy trial for several months after the circuit clerk received defendant's initial demand. See Jones, 84 Ill. 2d at 166, 417 N.E.2d at 1303-04; see also Dotson, 136 Ill. App. 3d at 357, 483 N.E.2d at 578. The reviewing courts in both Jones and Dotson based their decisions, in part, on their concern defendants could exploit a loophole if they were allowed to invoke their right to a speedy trial without attempting to notify the State. See Jones, 84 Ill. 2d at 168-69, 417 N.E.2d at 1304-05; see also Dotson, 136 Ill. App. 3d at 360, 483 N.E.2d at 579-80.

In contrast, here, both defendant and the circuit clerk made affirmative actions to notify the State. Defendant signed an affidavit stating he mailed a copy of the demand to the State's Attorney. Similarly, the circuit clerk forwarded a copy

of defendant's demand to the State within four days of its receipt. These actions were affirmative steps intended to notify the State. The Jones and Dotson courts never required proof the State receive the demand for speedy trial. Therefore, our ruling here is consistent with the reasoning from Jones and Dotson.

We find the State's receipt of defendant's demand does not control here. The Intrastate Detainers statute does not require proof of receipt by the State. Both defendant and the circuit clerk took appropriate action to notify the State. These actions were sufficient to meet the requirements of the Intrastate Detainers statute. Therefore, defendant properly asserted his right to a speedy trial.

C. Compliance with Statutory Requirements

The State next argues defendant did not assert his right to a speedy trial because his demand included the wrong case number and he did not sufficiently describe the charges. OSAD counters by stating defendant complied with the requirements of the Intrastate Detainers statute. We agree with OSAD.

1. Incorrect Case Number

Here, the State relies on People v. Sandoval, 236 Ill. 2d 57, 923 N.E.2d 292 (2010). There, the court stated the following:

"This court has repeatedly recognized that '"defendants *** serving prison terms

for existing convictions at the time they face trial on additional charges *** do not suffer a loss of liberty while awaiting trial on the pending charges."' <u>Wooddell</u>, 219 Ill. 2d at 175[, 847 N.E.2d at 122], quoting [<u>People v. Staten</u>, 159 Ill. 2d 419, 428, 639 N.E.2d 550, 555 (1994)]. The legislature has chosen to impose additional demand requirements on those individuals not applicable to others. In <u>Staten</u>, this court rejected the notion that the additional conditions imposed by the legislature in section 3-8-10 are 'meaningless' or mere technicalities, finding that the information required was properly mandated 'for the administrative convenience of the State' and that the legislature intended to place the burden of compliance on the demanding defendant who, as noted, is already incarcerated and thus suffers no additional loss of liberty. <u>Staten</u>, 159 Ill. 2d at 428[, 639 N.E.2d at 555]. In <u>Staten</u>, this court insisted that a demand under section 3-8-10 be unambiguous. <u>Staten</u>, 159 Ill. 2d at 428-29[, 639 N.E.2d at 555-56] (citing,

approvingly, appellate court cases that put the demand burden upon the defendant and require a 'clear and unequivocal' demand).

* * *

The balancing inherent in our speedy-trial statute is the prerogative of the legislature.

Taking into account the pertinent statutes, authorities, and principles, it is our opinion, given the facts of this case, that the circuit court has <u>reversed</u> <u>the</u> <u>burden</u> <u>of</u> <u>compliance</u> with statutory conditions the legislature intended for the 'administrative convenience of the State,' placing the burden instead on the very party for whose benefit those conditions were enacted.  We see the result here as inconsistent with the rights of public justice.

It is not unreasonable to require that defendants demanding a speedy trial under the provisions of section 3-8-10 specify the charges to which their demands pertain.  That is not to say that case numbers are necessarily required in the demand; however, if they are not included, other adequate indicia of

identification must be provided, such as the name of the charge and the date upon which the offense was allegedly committed. It is not enough to say 'Du Page County DUI' if a defendant has 10 such charges pending--or even three in two different cases. The deficiency here is compounded by defendant's provision of a case number ('WO5A48844') that had nothing to do with either case, and appears to have initially led the circuit clerk to believe the demand might relate to a municipal prosecution. In any event, such laxity is inconsistent with the additional burden the legislature has seen fit to place upon those already incarcerated for other offenses, those who suffer no additional loss of liberty because of the pending charges. It is also inconsistent with the implementation of statutory conditions enacted for the administrative benefit of the State to require the State to track down defendant's pending cases or writ him into court to figure out what he means." (Emphasis added.) Sandoval, 236 Ill. 2d at 66-68, 923 N.E.2d at

- 16 -

297-98.

In Sandoval, 236 Ill. 2d at 59, 923 N.E.2d at 293, the State charged the defendant with three different counts of driving under the influence of alcohol (DUI) in two different cases. The defendant, while incarcerated in prison on unrelated Cook County charges, mailed a document labeled "Demand for Speedy Trial and/or Quash Warrant" to the DuPage County State's Attorney and the DuPage County circuit clerk. Sandoval, 236 Ill. 2d at 61, 923 N.E.2d at 294. The document included a blank for the defendant's case number, where the defendant entered a number that could not be used to correctly identify either of his cases. Sandoval, 236 Ill. 2d at 61, 923 N.E.2d at 294. Additionally, the defendant only described the charges against him as "DuPage County D.U.I." Sandoval, 236 Ill. 2d at 62, 923 N.E.2d at 295. The Illinois Supreme Court found that the defendant had not asserted his right to a speedy trial because his inclusion of an apparently meaningless case number and his description of the charges as "DuPage County D.U.I." were not sufficient to inform the State to which case or to which DUI count the defendant intended the demand to apply. Sandoval, 236 Ill. 2d at 67-68, 923 N.E.2d at 298.

In this case, the State argues defendant's demand was not effective because, like Sandoval, defendant's entry of the incorrect case number on his demand for speedy trial was mislead-

- 17 -

ing to the State. We disagree and find that <u>Sandoval</u> is distinguishable from this case. In <u>Sandoval</u>, 236 Ill. 2d at 59, 923 N.E.2d at 293, the defendant faced three different DUI charges in two different cases. In contrast, here, the record contains no information defendant had another case in Vermilion County. Therefore, the State could not confuse defendant's demand with charges in another case. Further, in this case, defendant provided his name, date of birth, and, as we will discuss later, an adequate description of the charges on this form. The State could have used this information to identify defendant's case with minimal effort, despite the incorrect case number. Moreover, defendant did not violate any statutory requirements because the Intrastate Detainers statute does not require the case number. Therefore, we find the entry of the incorrect case number, by itself, does not justify the denial of defendant's right to a speedy trial.

### 2. <u>Description</u> <u>of</u> <u>Charges</u>

The State next argues defendant's demand was not effective because he did not clearly describe the charges. We disagree. According to the Illinois Supreme Court, "speedy-trial statutes implement constitutional rights and are to be liberally construed." <u>Staten</u>, 159 Ill. 2d at 427, 639 N.E.2d at 555. Further, the text of the Intrastate Detainers statute does not require a specific legal description of the charges against

- 18 -

defendant.  Based on this reasoning, we conclude the Intrastate Detainers statute only requires a defendant describe the charges sufficiently to provide notice to the State.

Here, the State claims defendant's description of the charges was inadequate because he did not include the words "of a controlled substance."  We find this argument unpersuasive. Defendant described the charges as "Possession With Intent To Deliver possession."  The actual charges against defendant listed in the October 2008 information were count I, possession of a controlled substance (720 ILCS 570/402(a)(2)(A) (West 2008)), and count II, possession of a controlled substance with intent to deliver (720 ILCS 570/401(a)(2)(A) (West 2008)).  The record shows the trial court had no difficulty understanding defendant's description of the charges.  Obviously defendant intended this language to describe the charges against him.  Based on these facts, we find defendant's description was sufficient to provide the State with notice defendant was demanding a speedy trial on the two counts listed in the October 2008 information.

### D. Epilogue

In sum, we agree with the trial court: defendant's right to a speedy trial was violated.  Defendant had a statutory right to a speedy trial within 160 days of his demand, provided he complied with the requirements found in the Intrastate Detainers statute and the Speedy-Trial Act.  See Wooddell, 219

Ill. 2d at 174-75, 847 N.E.2d at 122.  Here, defendant made his demand for speedy trial according to the statutory requirements. The circuit clerk forwarded his demand to the State on March 13, 2009.  According to our analysis, the speedy-trial clock started, at the very latest, when the circuit clerk forwarded the demand. The Intrastate Detainers statute requires dismissal of the charges when a defendant properly makes a demand and the State does not commence his trial within the statutory time period. 730 ILCS 5/3-8-10 (West 2008).  Defendant invoked the speedy-trial right.  The State failed to bring defendant to trial within the statutorily required time period.  Therefore, the court is required by law to dismiss the charges against defendant.

Finally, we note the content of the notice-by-mail requirements of the Intrastate Detainers statute (730 ILCS 5/3-8-10 (West 2008)) is a matter within the legislature's prerogative. The purpose of the Intrastate Detainers statute is to require a defendant notify the State he is invoking his right to a speedy trial.  However, the statute currently contains no safeguards requiring the State actually receive the notice.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's order granting defendant's motion to dismiss.

Affirmed.

TURNER and APPLETON, JJ., concur.

- 20 -